OPINION
Plaintiff Lucy R. Molitor appeals a judgment of the Court of Common Pleas of Morrow County, Ohio, which dismissed her complaint for divorce against defendant, Donley J. Gaddis. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN DETERMINING THAT A COMMON LAW MARRIAGE DID NOT EXIST BETWEEN PLAINTIFF AND DEFENDANT.
 II. THE TRIAL COURT COMMITTED A PROCEDURAL AND FATAL ERROR IN REQUIRING PLAINTIFF TO PROCEED WITH ITS CASE AS THE MOVING PARTY ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S MOTION FOR EXCLUSIVE USE OF PREMISES AND FOR TEMPORARY ALIMONY.
In her complaint for divorce, appellant alleged she and appellee became husband and wife by operation of common law and pursuant to R.C. 3105.12.
The trial court approved and adopted the magistrate's decision. The magistrate who heard the motion to dismiss entered an eight-page decision, finding the parties began living together on January 11, 1988. The parties disagreed regarding whether they had a present intention to be married or held themselves out as being married. The magistrate found the parties lived in the same home, and maintained a joint bank account. Appellant did not normally use appellee's last name, did not file joint income tax returns, and although each had designated the other as beneficiary on his or her respective life insurance policies, neither one designated the other as a spouse. The parties' residence was deeded only in the appellee's name, although both were listed on the loan. Appellant and appellee both signed the loan, which listed them as unmarried. The court heard testimony from various witnesses, some of whom thought the parties were married and others who believed they were not.
The magistrate concluded the appellant had failed to establish by clear and convincing evidence all the elements of a common law marriage, and dismissed her complaint for divorce.
 I and II
In Nestor v. Nestor (1984), 15 Ohio St.3d 143, the Ohio Supreme Court set forth the elements necessary to establish a common-law marriage. The person attempting to prove the common-law marriage must demonstrate by clear and convincing evidence an agreement of marriage in praesenti when made by parties competent to contract, accompanied and followed by cohabitation as husband and wife, and the parties being treated as such and reputed in the community in which they reside. The evidence must show a meeting of the minds between the parties who entered into a mutual contract to take each other as man and wife, and may be demonstrated by proof of cohabitation, acts, declarations, conduct of the parties, and their recognized status in the community in which they reside, see Fitzgerald v. Mayfield
(1990), 66 Ohio App.3d 298. Appellant asserts the trial court erred in requiring her to proceed with her proof even though the appellee was the moving party on the motion to dismiss. Appellant also urges the trial court erred in finding she had failed to prove a common-law marriage existed between appellant and appellee.
Appellant bore the burden of proving by clear and convincing evidence the common -law marriage as a jurisdictional requirement of her complaint for divorce. We find the trial court properly required her go forward first because she carried the burden of proof, even though appellee was actually the movant in the motion to dismiss. The trial court found she did not meet her burden of proof, and this court cannot find on the record before us that the court, the trier of fact here, erred. Appellant has not provided this court with a transcript of proceedings, and cannot point to the record where the court committed either error which she complains, see Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197.
Each of the assignments of error are overruled in whole.
For the foregoing reasons, the judgment of the Court of Common Pleas of Morrow County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Morrow County, Ohio, is affirmed. Costs to appellant.