OPINION
Defendant-appellant Ronald Winzenreid appeals from the judgment entered against him in the Carroll County Court. For the following reasons, the trial court's judgment is affirmed.
 STATEMENT OF THE CASE
On November 14, 1997, plaintiff-appellee Diane Wirkner filed a small claims complaint on behalf of her son Chad against appellant, who is Chad's father. The complaint alleged, "He cashed Chad's check and then kept $700 of Chad's money."[1]
Appellant was served with the complaint and summoned to appear for the December 10, 1997 trial. On the day of trial, appellant filed a motion to dismiss, alleging lack of personal and subject matter jurisdiction. In the alternative, the motion alleged lack of venue and sought transfer to Belmont County. At trial, both parties appeared pro se and presented their testimony to the court. On December 16, 1997, the court rendered judgment for appellee in the amount of $720 which represents the amount retained by appellant plus court costs. The within appeal followed.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error claims:
 "THE COURT BELOW ERRED BY NOT GRANTING THE DEFENDANT-APPELLANT'S MOTION TO DISMISS AND/OR CHANGE OF [sic] VENUE [OF] THE CASE TO BELMONT COUNTY, OHIO PURSUANT TO CIVIL RULE 3."
Initially, appellant mentions subject matter and personal jurisdiction. However, appellant then realizes and basically concedes in his reply brief that this is a case of venue. See Civ.R. 3(G) and Staff Notes to Civ.R. 3. Thus, we return to the allegation in the assignment of error that venue did not lie in Carroll County.
The standards for determining where venue lies are set forth in Civ.R. 3(B). Appellant disputes that any of the standards allow venue in Carroll County. For instance, he states that he did not reside or have a principal place of business in Carroll County. See Civ.R. 3(B)(1) and (2). However, appellee points to the following two forum descriptions listed in Civ.R. 3(B), which allegedly permit venue to lie in Carroll County in this case:
 "(3) A county in which the defendant conducted activity that gave rise to the claim for relief;
 (6) The county in which all of part of the claim for relief arose * * *;"
Appellee explains that when appellant sent a check for the remainder of the sale proceeds to Chad's Carroll County address, appellant conducted activity in Carroll County, and further, part of the claim for relief arose when Chad opened the envelope and realized that appellant had only tendered partial payment. Conversely, appellant contends that even assuming he sent a check to Carroll County, significant activity by the defendant is required and the act of sending a check to Carroll County is not sufficient activity.
However, we shall not reach this dispute for there is no transcript of the trial or an adequate substitute before this court. The appellant has the burden of demonstrating the trial court's error by referencing matters in the record. As such, appellant has the burden of requesting a transcript for appellate review. App.R. 9(B). It is well settled that if appellant fails to provide a transcript or an adequate substitute under App.R. 9(C) or (D), then the appellate court presumes the validity of the trial court's proceedings. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199.
Appellant did not provide or request that a transcript be produced. Appellant attempted to submit a "Statement of the Evidence and Proceedings." However, this court previously discarded the statement for failure to comply with App.R. 9(C), partially because it was not approved by the trial court. As such, there is nothing for us to review on appeal.
The trial court heard testimony from the parties. The contents of that testimony is unknown. In fact, a multitude of factors in support of venue may have been presented in that testimony. By entering judgment in favor of appellee, the trial court decided that venue was proper in Carroll County. We cannot review the propriety of the trial court's decision on the issue of venue without a record relevant to that issue.
In light of the absence of a transcript or proper substitute, we hereby presume the regularity of the proceedings below. Accordingly, this assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is affirmed.
Cox, P.J., concurs in judgment only.
Waite, J., concurs.
APPROVED:
 __________________________ JOSEPH J. VUKOVICH, JUDGE.
[1] For purposes of clarity only, these allegations of fact, as set forth in the briefs, are revealed: Chad previously lived with appellant in Belmont County where he raised a steer for a 4-H project. Chad presented his steer at the Belmont County Fair and won an award, leading to the sale of the steer. Appellant kept $700 from the sale to cover expenses he claimed to have incurred in the raising of the steer and gave the remainder of the sale proceeds to Chad, who had moved to appellee's house in Carroll County.