DECISION AND JUDGMENT ENTRY
This matter is before the court following a bench trial in the Lucas County Court of Common Pleas. Appellant, pro se, sets forth the following assignments of error:
"ISSUE I
 "IF IT WERE A [sic] ABUSE OF DISCRETION FOR THE TRIAL COURT TO NOT HAVE CONSIDERED OTHER ALTERNATIVE PROCEDURES AND/OR AVENUES INSTEAD OF NOT ALLOWING HIM TO PARTICIPATE IN TRIAL PROCEEDINGS IN VIOLATION OF ARTICLE I § 10 AND 16 OF THE OHIO CONSTITUTION AND THE FIRST, FIFTH, AND FOURTEENTH AMENDMENT(S) TO THE UNITED STATES CONSTITUTION.
"ISSUE II:
 "IF THE TRIAL COURT ABUSED ITS'S [sic] DISCRETION WHEREBY FAILING TO DISMISS CIVIL ACTION AS BEING PROCEDURALLY BARRED UNDER THE DOCTRINE OF RES JUDICATS [sic]/COLLATERAL ESTOPPEL/ISSUE PRECLUSION IN VIOLATION OF ARTICLE I § 16 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
The following facts are undisputed. On July 15, 1987, Cynthia A. Frank was brutally murdered in her home. Appellant, Frank Dye, was found guilty of the murder and sentenced to life in prison with the possibility of parole after serving twenty years.
On November 9, 1998, appellee William M. Frank, as the administrator of the estate of Cynthia Frank, commenced a wrongful death and survivorship action. Appellant, incarcerated at the time, requested and was granted extensions in order to secure counsel. Appellant, pro se, filed an answer on February 17, 1999.
Appellee filed a motion for summary judgment on May 11, 1999, on the issue of liability. On June 4, 1999, appellant filed a motion to dismiss. Appellee voluntarily dismissed the wrongful death claim on July 1, 1999. On September 7, 1999, the trial court denied appellant's motion to dismiss the survivorship action (styled by the trial court as a motion for judgment on the pleadings) because appellant's incarceration tolled the limitations period. The trial court also denied appellee's motion for summary judgment stating that genuine issues of fact remained regarding the decedent's pain and suffering.
The matter proceeded to a bench trial on February 11, 2000. At trial, appellant was not present or represented by counsel. The trial court found appellant liable for $500,000 in compensatory damages and $500,000 in punitive damages. Appellant then filed a timely notice of appeal.
We initially note that appellant's assignments of error are not in technical conformance with App.R. 16(A). However, we shall read appellant's first assignment of error as arguing that the trial court abused its discretion when, after denying appellant's motion for writ ofad testificandum and/or a guardian ad litem, it failed to consider other alternatives including staying the proceedings until appellant was released from prison or telephonic hearings.
Appellant's motion was denied, prior to trial, on February 11, 2000. The record demonstrates that the trial court's opinion on the motion was orally stated on the record but not transcribed.[1]
Pursuant to App.R. 9(B), an appellant has the burden of including a complete transcript or a transcript of parts of the proceedings necessary to support his assignments of error on appeal. Absent an adequate record, a reviewing court must presume the validity of the trial court's actions. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Accordingly, because we are unable to review the trial court's ruling on the motion, appellant's first assignment of error is not well-taken.
In appellant's second assignment of error he claims that appellee was barred from maintaining the civil action because appellee filed a "Reparation Application with the Ohio Crime Victims Compensation Program" and was granted a monetary award.
R.C. 2743.51 through 2743.72 provides monetary awards for the victims of criminal acts. The Crime Victims Reparations Act permits the aggrieved party to sue the offender for damages or injuries; however, the state is subrogated to the extent of any payments made to the victim. R.C. 2743.72. Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, we find that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs are assessed to appellant.
JUDGMENT AFFIRMED.
Frank v. Dye
L-00-1071
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Peter M. Handwork, J.
JUDGE
James R. Sherck, J., Mark L. Pietrykowski, J., CONCUR.
[1] Upon the trial court's judgment entry in favor of appellees, appellant filed a motion to have the trial transcript prepared for appeal at the state of Ohio's expense. On March 8, 2000, the trial court denied the motion. We note that an indigent party does not have a right to a free transcript in a civil proceeding. See Matyaszek v. Howell (Mar. 12, 1987), Cuyahoga App. No. 51813, unreported; Murphy v. Dept. ofRehabilitation and Correction (Nov. 18, 1993), Franklin App. No. 93AP-521, unreported; Robinson v. Custom Sport Cycles (Apr. 19, 1999), Stark App. No. 1998CA00331, unreported.