Knapp et al., Appellees, *v.*
Edwards Laboratories et al., Appellants.

[Cite as Knapp v. Edwards Laboratories (1980),
61 Ohio St. 2d 197.]

(No. 79-310—Decided February 13, 1980.)

*Messrs. Inscore, Rinehardt & Whitney* and *Mr. Larry L. Inscore,* for appellees.

*Messrs. McNeal, Schick & Archibald* and *Mr. Harley J. McNeal,* for appellant Edwards Laboratories.

*Messrs. Arter & Hadden* and *Mr. Robert C. McFadden,* for appellant University Hospitals.

*Messrs. Weldon, Huston & Keyser* and *Mr. George Hall,* for appellant Ankeney.

*Per Curiam.* The question now before this court is whether plaintiffs are entitled to a new trial, as the Court of Appeals determined, because a court reporter is unable to transcribe portions of trial testimony necessary to the proper presentation of assigned errors on appeal. Plaintiffs, of course, adopt this position. Conversely, defendants contend that, instead of granting a new trial, the Court of Appeals should have affirmed the judgments of the trial court on the basis that plaintiffs failed to provide a transcript of the trial proceedings for appellate review. For the following reasons we find that neither contention is entirely sound.

The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State* v. *Skaggs* (1978), 53 Ohio St. 2d 162. This principle is recognized in App. R. 9(B), which provides, in part, that "***the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record***."* When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.

The plaintiffs in this action did not meet their burden to supply a transcript of the trial proceedings. Admittedly, it was through no fault of their own that plaintiffs were unable to supply a *verbatim* trial transcript. However, other options were available, specifically App. R. 9(C) and (D). App. R. 9(C) permits an appellant to submit a narrative transcript of the proceedings when a *verbatim* transcript is unavailable, sub-

---

* It is also true that the appellee must bear some burden for providing an adequate transcript under App. R. 9(B). The relevant portion of that rule states that "[i]f the appellee deems a transcript of other parts of the proceedings to be necessary he shall***file and serve on the appellant a designation of additional parts to be included." However, this does not relieve an appellant from the primary burden of providing a transcript.

ject to objections from the appellee and approval from the trial court. App. R. 9(D) authorizes parties to submit an *agreed statement* of the case in lieu of the record. There is nothing in the record indicating that plaintiffs even attempted to avail themselves of these alternatives. Accordingly, as to those assignments of error dependent for their resolution upon a trial transcript, the judgment of the lower court would ordinarily be affirmed in a case such as this.

One fact, however, precludes such a result in this cause—plaintiffs were never out of order during the entire pendency of the appeal. At all times plaintiffs acted with the permission of the court in waiting for the court reporter to regain her health so that she could transcribe her notes. While we do not condone the long delays involved here, particularly those caused by the removed trial judge's lackadaisical behavior, we find no legal impropriety on plaintiffs' behalf. Under such circumstances we believe it would be inappropriate to affirm the judgments of the trial court, as defendants urge.

This does not mean, however, that plaintiffs are entitled to a new trial. Rather, the cause should be remanded to the trial court, where, pursuant to Civ. R. 63(B), a judge shall be appointed to complete the unfulfilled duties of the removed trial judge in this cause. Several options are then available to the appointed judge. We suggest that an inquiry be made as to the current health status of the court reporter. Indeed, it would not be surprising to find that she is now quite able to transcribe her notes. If not, plaintiffs should be given the opportunity to provide the court with an App. R. 9(C) narrative transcript. The parties might even reach an agreed statement of the case pursuant to App. R. 9(D). But, the appointed judge should consider granting plaintiffs a new trial, in accordance with Civ. R. 63(B), only after all reasonable solutions to this problem are exhausted.

For the aforementioned reasons the judgment of the Court of Appeals is reversed and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

HOLMES, J., concurring. I am in agreement with the majority opinion, but would like to point out that in addition to the avenues open to the parties, as suggested in the opinion, the Appellate Rules, by way of App. R. 9(E), provide that the Court of Appeals may correct or modify the record to reflect that which occurred in the trial court. The following pertinent language is to be found within App. R. 9(E):

"***If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted."