OPINION
Appellant appeals the decision of the Stark County Court of Common Pleas that found him to be a "sexual predator" under R.C. Chapter 2950. The following facts give rise to this appeal. In February 1996, the Stark County Grand Jury indicted appellant charging him with one count of rape; one count of sexual battery; and three counts of gross sexual imposition. The charges were the result of appellant's sexual abuse of two girls who were his students during the 1995 school year. The sexual abuse occurred at Hartford Middle School where appellant was employed as a teacher. This matter eventually proceeded to trial and the jury returned a mixed verdict. The jury found appellant not guilty of the charge of rape and two charges of gross sexual imposition. The jury found appellant guilty of the sexual battery charge and one of the charges of gross sexual imposition. The trial court sentenced appellant to two years on the sexual battery conviction and to a concurrent one-year term on the charge of gross sexual imposition. Appellant timely appealed his conviction to this court. We reversed and remanded this matter to the trial court. During the pendency of his first appeal, the General Assembly enacted H.B. No. 180, which became effective on January 1, 1997. As a result of this statute, the warden of the penal institution where appellant was serving his sentence recommended that appellant be classified a "sexual predator" for purposes of R.C. Chapter 2950. Therefore, on June 16, 1997, the trial court conducted a classification hearing. In a judgment entry filed on June 18, 1997, the trial court found appellant to be a "sexual predator." Following the reversal and remand of appellant's sentence, appellant entered a plea of no contest to the charge of gross sexual imposition and the trial court sentenced him accordingly. At this hearing, the prosecutor requested that the trial court renew its earlier ruling finding appellant to be a "sexual predator." Because we reversed and remanded appellant's conviction on his direct appeal, we dismissed appellant's appeal from the trial court's sexual predator ruling it made in June 1997. In that opinion, we suggested that appellant file a delayed appeal to challenge the trial court's renewed sexual predator ruling. Subsequently, appellant filed the instant delayed appeal and challenges the trial court's classification of him as a "sexual predator." Appellant raises the following assignment of error for our consideration:
I. THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT SHOULD BE CLASSIFIED AS A SEXUAL PREDATOR UNDER THE STATUTE AND IN INCLUDING A NON-COMPLAINANT REBUTTAL WITNESS UNDER THE MULTIPLE VICTIM FACTOR OF OHIO REVISED CODE SECTION 2925.09(B)(2)(D).
 I
In his sole assignment of error, appellant contends the trial court erred in finding that he should be classified a "sexual predator" for purposes of R.C. Chapter 2950 based in part upon testimony of a rebuttal witness at appellant's criminal trial. The rebuttal witness, a student at the school where appellant taught, testified that appellant fondled her. In filing the instant appeal, appellant did not include the transcript of the hearing the trial court conducted on June 16, 1997, when the trial court made its initial finding that appellant should be classified a "sexual predator." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. Because appellant has failed to provide this court with those portions of the transcript necessary for resolution of the assigned error, i.e. the transcript of the June 16, 1997, classification hearing, we must presume the regularity of the proceedings below and affirm. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Hoffman, J., concur.