OPINION
On October 1, 1998, appellee Northgate, LTD., filed a complaint and forcible entry and detainer for non-payment of rent against appellant Hubert Snack. In this complaint, appellee demanded: Judgment for the sum of two hundred five dollars ($205.00), restitution of the premises, interest, costs of this suit, any future rents or other charges which may become due to plaintiff from the defendant during the pendency of this action and any further relief as may be just and equitable in the premises.
The case proceeded to hearing in the Zanesville Municipal Court on appellee's claim for restitution. Following a hearing, the court granted restitution of the premises to appellee, and set a hearing on damages for November 23, 1998. The court found in its entry that appellant had been served with a summons, but had failed to answer or otherwise enter an appearance in the case. The hearing on damages was held on November 23, 1998, as scheduled. Appellant again failed to appear. On November 25, 1998, the court granted judgment to appellee in the amount of $1,615. The court indicated in this entry that based upon the evidence and testimony presented at the hearing, that appellee was entitled to past due rent, past due late fees, money for damages for physical damage to the premises caused by appellant, and court costs. The court specifically delineated the amount of damages due appellee for carpet replacement, painting, various cleaning expenses, and replacement of items. Appellant assigns one error on appeal:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT AWARDED DEFAULT JUDGMENT EXCEEDING THE DEMAND IN PLAINTIFF/APPELLEE'S COMPLAINT.
Civ.R. 54 (C) provides that a judgment in default shall not be different in kind from, or exceed the amount of, that prayed for in the demand for judgment in the complaint. Appellant argues that because appellee only demanded $205 in the complaint, the court erred in awarding judgment in the amount of $1615. In the instant case, the court's judgment was not a default judgment. While the court recited that appellee made an oral motion for default judgment, the court specifically stated in its judgment entry that the ruling was based on the testimony and evidence presented at the hearing. Because appellant has not ordered a transcript in the instant case, we must presume the regularity of those findings. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. Appellant's reliance on this court's decision in Glazier v. Hall (August 18, 1994), Ashland App. No. 1076, unreported, is misplaced. In Glazier, the plaintiff filed a complaint in forcible entry and detainer, demanding judgment for rent due and costs. The trial court issued a writ of restitution at the first hearing, and continued the plaintiff's cause of action for past rent for a second hearing. Subsequently, the plaintiff moved for default judgment on the second count, attaching to his motion a letter itemizing expenses incurred as a result of the defendant's tenancy. There was no proof of service of this letter upon the defendant. Following a non-evidentiary hearing, the court granted judgment in the amount requested by the letter attached to the motion for default judgment. This court reversed, finding that pursuant to Civ.R. 54 (C), the plaintiff was limited in his recovery to the amount requested in the complaint for past rent. In the instant case, the complaint requested $205 in rent, interest, costs of the suit, and any future rents or charges which may become due to appellee during the pendency of the action. Further, an evidentiary hearing was conducted prior to the court issuing a judgment against appellant. The judgment setting the damage hearing for November 23, 1998, reflects a certificate of service on appellant on November 4, 1998. The assignment of error is overruled.
The judgment of the Zanesville Municipal Court is affirmed.
By Gwin, J., Wise, P.J., and Hoffman, J., concur