JUDGMENT: Affirmed
 OPINION
On March 2, 1999, appellant, Timothy Glass, filed a pro se complaint against appellee, Joseph Flautt, a Perry County Assistant Prosecuting Attorney, alleging dereliction of duty and interfering with civil rights. On May 13, 1999, appellee filed a motion to dismiss the complaint. A hearing was held on May 21, 1999. By journal entry filed June 7, 1999, the trial court granted said motion and dismissed the complaint. Appellant filed a pro se appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED WHEN IT REFUSED TO HEAR ALL OF THE FACTS AND I CONTEND THAT THE TRIAL COURT IMPROPERLY DISMISSED THE COMPLAINT.
 I
Appellant claims the trial court erred in dismissing the complaint. We disagree. On March 2, 1999, appellant filed a complaint against appellee, an assistant prosecuting attorney, for dereliction of duty in violation of R.C. 2921.44(A), (E) and (F) and interfering with civil rights in violation of R.C. 2921.45(A) and (B) for refusing to file complaints under Crim.R. 3. A hearing regarding the complaint was held on May 21, 1999. By journal entry filed June 7, 1999, the trial court held the following: The Court FINDS based upon the evidence presented that the complaint filed by Timothy Glass is without merit and that the same should be dismissed. The Court further FINDS that any criminal charges contained within the complaint were improperly initiated and therefore should be stricken from the docket of this Court.
We concur with the trial court's decision for the following reasons. First, a private criminal complaint alleging two misdemeanor claims can only be initiated at the county court level [Crim.R. 4(A)(1) and Crim.R. 7(A)] and the complaint sub judice was initiated in the general division of the common pleas court. Therefore, the trial court did not have jurisdiction. Furthermore, no transcript of the May 21, 1999 hearing before the trial court has been provided to this court. As a consequence, we are unable to rule on the issue of probable cause (Crim.R. 4). When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the proceedings before the trial court and affirm. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.