OPINION
Defendant-appellant, Terrell Corporation, appeals the decision of the East Liverpool Municipal Court awarding $650 to plaintiff-appellee, Donald Harris.
On March 5, 1998, appellee filed a small claims complaint against appellant alleging that he was owed $650 under a verbal contract the parties had entered into. Specifically, appellee alleged that Jim Herring, a representative of appellant, had agreed to pay appellee $650 if appellee would go to Wexford, Pennsylvania to receive sales training and then sell one Rainbow sweeper. Appellee claimed that when he reported for training, he was told by another representative of appellant that the $650 commission would not be available to him, which appellee claimed had been a significant factor in his decision to spend $1,100 on a Rainbow sweeper for himself.
The matter was tried before Judge Melissa Byers-Emerling on April 17, 1998. At the conclusion of the trial, the trial judge signed a judgment entry finding for appellee in the amount of $650. On May 13, 1998, appellant filed timely notice of appeal.
On November 2, 1998, appellant filed a statement of proceedings in lieu of a transcript, which statement had not been approved by the trial court. By journal entry dated November 18, 1998, this court ordered that the statement could not be considered part of the record on appeal without trial court approval pursuant to App.R. 9.
On December 1, 1998, appellant submitted the statement of proceedings to the trial court for its approval. The trial court refused to approve the proposed statement, noting that appellant had failed to timely serve the statement upon appellee and that some seven months had passed since the notice of appeal had been filed.
Accordingly, the record on appeal consists solely of the transcript of original papers filed on June 17, 1998. However, within the transcript of papers there are several items which this court may not consider. One such item is a letter from appellant to the trial judge, which letter suggests that the judgment was in error and requesting the judge's help in the matter. There is also a document which appears to be an independent dealer agreement for individuals seeking to distribute Rainbow sweepers. The presence of this document is unexplained, and does not concern or make reference to appellee.
Appellant urges this court to reverse the trial court's judgment on the grounds that appellee failed to prove the existence or the terms of any contract. However, the duty to provide a transcript for appellate review falls upon the appellant. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record.Id. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Id.
In addition, appellant has failed to provide this court with a permissible substitute for a transcript as authorized by App.R. 9 (c) or (D). Without a transcript or a suitable alternative, this court must presume the regularity of the proceedings below.
Accordingly, appellant's sole assignment of error is without merit.
The decision of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.
APPROVED:
 __________________________ Gene Donofrio Judge