OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties.
Appellant, Jill Ann Bello, appeals a decision of the Trumbull County Court, Eastern Division, awarding her judgment of $300 in a breach of contract case involving the installation of a concrete sidewalk at her house by appellees, Gina and Thomas Palipchak. Appellant, in her small claims complaint, sought damages of $1,880.50, representing the entire amount of the contract because, she alleged, the sidewalk would have to be replaced. On August 24, 1998, the trial court, following a bench trial, entered its judgment of $300 in favor of appellant finding that the concrete had not been installed properly. Apparently, the trial court believed that repairs would suffice rather than starting over from scratch.
Appellant, acting pro se, filed a timely notice of appeal and has now set forth a single assignment of error. Appellant contends that the trial court erred in not awarding the full replacement value of the sidewalk.
A review of the record, however, reveals that appellant failed to ensure that a transcript was filed in this case as required by App.R. 9(B). None has been filed. Additionally, appellant has failed to present an agreed statement of fact pursuant to App.R. 9(D) which provides, in relevant part:
 "In lieu of the record on appeal *** the parties, no later than ten days prior to the time for transmission of the record pursuant to App.R. 10, may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented."
 In essence, appellant is arguing on appeal that the trial court's decision was unsupported by the evidence or against the manifest weight of the evidence. Thus, pursuant to App.R. 9(B), appellant had the duty of including in the record a transcript of all the evidence relevant to the findings or conclusions, or an App.R. 9(D) statement. Appellant has failed to provide such evidence to this court. Without a transcript to support her claim, appellant is unable to demonstrate error or show any irregularity. Without the transcript or portions thereof necessary for review, we must presume the validity of the trial court's proceedings. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
Hence, appellant's sole assignment of error is without merit. The judgment of the trial court is hereby affirmed.
 _____________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., NADER, J., concur.