OPINION
On May 8, 1996, appellee, Fairfield County Children's Services, filed a complaint alleging Brennan Herron born March 17, 1994 and Felicia Herron born July 29, 1995 to be dependant minors. Appellant, Brendia Paskins, is the mother of both minors. Father of Brennan Herron is Jerry T. Herron and father of Felicia Herron is Immanuel Martinez. A hearing was held on June 2, 1996. By judgment entry filed July 1, 1996, the trial court found the minors to be dependent and placed the minors in the temporary custody of their paternal grandparents, Jerry C. and Darlene Herron. The minors were also placed on protective supervision with appellee. On May 28, 1998, the Herrons filed a motion for legal custody. On May 3, 1999, appellee filed a motion to terminate the protective supervision. A hearing was held on May 13, 1999. By judgment entry filed June 11, 1999, in conjunction with findings of fact and conclusions of law, the trial court terminated the protective supervision and awarded legal custody of the minor children to the Herrons. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE DECISION OF THE TRIAL COURT GRANTING CUSTODY OF APPELLANT'S CHILDREN TO JERRY C. HERRON AND DARLENE HERRON WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE, AS THE RECORD DOES NOT CONTAIN CLEAR AND CONVINCING EVIDENCE THAT GRANTING CUSTODY TO JERRY C. HERRON AND DARLENE HERRON WAS IN THE CHILDREN'S BEST INTEREST AND THAT THE CHILDREN COULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME.
 II THE TRIAL COURT'S FAILURE TO MAKE A RECORD OF THE APPELLANT'S CUSTODY PROCEEDINGS, AS MANDATED BY JUV.R. 37(A), DEPRIVED THE APPELLANT OF HER DUE PROCESS RIGHTS.
 II
We will address Assignment of Error II first as we find it to be dispositive of this appeal. Appellant claims the trial court erred in failing to provide a record hearing of the custody proceedings. We agree. A hearing on custody was held on May 13, 1999. On September 2, 1999, the court reporter filed an affidavit stating she was unable to transcribe the hearing because she had "searched the tapes" and had "been unable to locate any recording of the trial held on 5/13/99 in the above-captioned matter." Pursuant to App.R. 9(C), appellant filed a statement of the evidence with this court on October 28, 1999. App.R. 9(C) states as follows: If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal. (Emphasis added.)
There is no evidence to establish the App.R. 9(C) statement was submitted to the trial court or that the trial court approved such. Said statement is stricken due to noncompliance with the rule. Normally, in the absence of a trial transcript, we would affirm on the presumption of regularity in the proceedings under the authority of Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. However, based upon our opinion in In the Matter of Daniel Haines Eric Brown (September 27, 1999), Fairfield App. Nos. 99CA18 99CA19, unreported, we feel compelled to elaborate further on the rules governing courts of record. Pursuant to R.C.2151.01(D), the juvenile court is "[t]o provide judicial procedures through which Chapter 2151. of the Revised Code is executed and enforced, and in which the parties are assured of a fair hearing, and their constitutional and other legal rights are recognized and enforced." Juv.R. 37(A) states as follows: The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. * * * The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device.
The Rules of Superintendence for the Courts of Ohio provide the custody of any "[e]lectronically recorded transcripts of proceedings shall be maintained and transcribed in the manner directed by the trial court." See, Sup.R. 11(C). A "record" is defined as "any document, device, or item, regardless of physical form or characteristic, created or received by or coming under the jurisdiction of a court that serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the court." See, Sup.R. 26(B)(6). Based upon the above cited requirements, including the obligation to assure parents their constitutional rights (R.C. 2151.01), and the absence of the testimony relied upon by the trial court, we reluctantly reverse and remand this case. At the very least, we reverse and remand for an App.R. 9(C) statement pursuant to the mandates of said rule. If said statement cannot be settled and approved, a new hearing is ordered. Assignment of Error II is granted.
 I
Based upon our decision in Assignment of Error II, this assignment is moot.
The judgment of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division is hereby reversed and remanded.
 __________________________________ FARMER J.
GWIN, P.J. and MILLIGAN V.J. concur.