OPINION
This is an appeal from the Chardon Municipal Court, Geauga County, Ohio. Appellant, Kevin M. Kapel, appeals the trial court's judgment entry finding him liable to appellee, Nancy Williams, for damage to her motor vehicle.
The factual record in this appeal is sparse due to the fact that appellant failed to file a written transcript of the prior proceedings concerning this matter. However, it is undisputed that on June 24, 1998, appellant was driving his vehicle eastbound on Sherman Road at the intersection of Sherman Road and County Line Road, at the border of Geauga County and Cuyahoga County. At the intersection, while maintaining the right of way, appellee struck appellant, during daylight hours, as he was on the eastside of the intersection. The right front side of appellee's automobile collided with the right rear fender of appellant's vehicle. A witness, Sue Poucher ("Poucher"), was able to stop at the intersection just as the accident occurred and observed that although she could not estimate appellee's speed, appellant pulled out in front of appellee without coming to a complete stop, which caused the accident.
Appellant was charged with failing to yield, in violation of R.C. 4511.43, but was acquitted for reasons not fully explained in the record before this Court. Apparently, neither appellee nor Poucher testified at the criminal trial. Also, appellee was not subpoenaed and did not have notice of the trial.
On May 6, 1999, appellee filed a small claims complaint in the Chardon Municipal Court seeking damages in the amount of $1,392.19 for damage done to her vehicle in the accident. In a hearing conducted by the court's magistrate on May 26, 1999, both parties presented testimony concerning the traffic accident.
On June 2, 1999, the magistrate issued its findings and made recommendations. In its decision, the magistrate found that based on the testimony of appellee and Poucher, appellant did not come to a complete stop before entering the intersection in the path of appellee. The magistrate further found that appellee was not speeding and that appellant simply did not see appellee. Thus, the magistrate recommended that judgment be rendered in favor of appellee.
In a judgment entry dated July 19, 1999, the trial court adopted the magistrate's findings and recommendations and rendered judgment in favor of appellee in the amount of $1,392.19 plus interest at the rate of ten percent per annum from May 27, 1999, and costs totaling $71.
Appellant timely filed the instant appeal from the trial court's July 19, 1999 judgment entry. Appellant now raises the following assignments of error:
 "[1.] The trial court erred in deciding for [appellee] without applying the concept of comparative negligence.
 "[2.] [Appellee] addmitted [sic] her negligence by stating that she was traveling over the posted speed limit of 35 MPH.
 "[3.] Although the officer on the scene did not apply the formula used by the State Highway Patrol to determine the speed of [appellee's] vehicle in the incident, the formula was addmitted [sic] into evidence by [appellant]."
 At the outset, we note that appellant has failed to file a transcript of the lower court proceedings with this appeal. Additionally, each assignment of error in this appeal can only be demonstrated by reference to a transcript. As stated in Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199:
 "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to the matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."
 Pursuant to Loc.R. 8, a party must submit a transcript that comports with the requirements set forth in App.R. 9(B)(1) through (8). Under App.R. 9(B), only a written transcript is discussed. Consequently, although appellant submitted a videotape of the magistrate's hearing, because it was not transcribed and submitted in the form discussed in App.R. 9(B)(1) through (8), he has failed to provide a transcript for appellate review. Furthermore, since a transcript is necessary to demonstrate the errors raised in each assignment of error, pursuant to Knapp, appellant's failure to provide a transcript means that this Court has nothing to pass upon and must presume the validity of the lower court's proceedings and affirm.
However, in the interest of justice, the merits of each assignment of error will be briefly addressed.
In the first assigned error, appellant contends that pursuant to R.C. 4113.07, Ohio maintains a comparative negligence theory of recovery. Thus, appellant claims that due to appellee's excessive rate of speed, a factfinder could find that appellee was comparatively negligent. Appellant further states that the trial court erred by failing to apply the concept of comparative negligence to the instant set of facts.
In advancing this claim, appellant has misapplied and misconstrued the applicability of R.C. 4113.07 to the case subjudice. R.C. 4113.07 sets forth the theory of contributory negligence, not comparative negligence, and is exclusively confined to assessing employee-employer liability. The situation at bar consists of a simple traffic accident between two independent persons not involved in any employer-employee relationship with each other. Thus, R.C. 4113.07 does not apply to the instant matter. Consequently, appellant has wholly failed to assert a proper cause of action against appellee in this assignment of error. Therefore, appellant's first assignment of error is without merit.
In the second error assigned, appellant avers that when appellee admitted that she was traveling in excess of the 35 m.p.h. speed limit, she became per se negligent of "violating an Ohio Statute [sic]."
In arguing this assignment of error, appellant neglects to identify which statute he claims was per se negligently violated. Moreover, appellant fails to link any statutory violation with an error in the trial court's judgment. Thus, while this Court is capable of constructing a proper line of argumentation for appellant, it is not our duty to do so by providing supporting legal references and analysis for appellant's argument. The responsibility of an appellate court is to address the merits of cogent arguments, not make them for the parties. Therefore, appellant's second assignment of error is not well-taken.
In the third assignment of error, appellant merely states that the police officer at the scene of the accident did not apply the skid mark formula to determine how fast appellee was driving. Appellant further states that the formula was admitted into evidence.
In this assigned error, appellant is presumably arguing that the trial court should have taken into account the formula used to determine the speed of a motor vehicle and should have made its own calculations of how fast appellee was traveling.
In briefly evaluating the merits of appellant's assignment, we observe that the mere introduction of the skid mark formula into evidence falls far short of appellant's burden to demonstrate that appellee was traveling at a high rate of speed, thereby being contributorily negligent. Indeed, it is not within the trial court's duty or capability to apply a skid mark formula to arrive at a proposed speed. Rather, the party arguing that the other party was speeding, as would be revealed from a skid mark test, must provide evidence to that effect from a duly qualified expert in such field.
Also, the police officer claimed that he was unable to calculate appellee's rate of speed using the skid mark test because the tires of appellee's automobile went off the paved road and then re-entered. Additionally, appellant has failed to provide any evidence from an expert contradicting the police officer's traffic investigation technique. Finally, even if the police officer failed to calculate the speed of appellee's vehicle when he could have, there was still no evidence before the trial court that appellee was, in fact, speeding. Accordingly, appellant's third assignment of error is not well-founded.
For the foregoing reasons, appellant's assignments of error are without merit and the judgment of the Chardon Municipal Court is affirmed.
 ______________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., NADER, J., concur.