DECISION AND JUDGMENT ENTRY
This is an appeal from an August 21, 2000 judgment of the Toledo Municipal Court entered in favor of appellee, A E Industries, Inc., and ordering appellant, HR Systems, Inc., to pay appellee $993.63 plus costs and interest. The judgment represents a finding by the trial court that appellant owes appellee that amount for fees according to a contract entered into by the parties that obligated appellee to provide temporary employees to appellant and that obligated appellant to pay fees to appellee, including workers' compensation, for the temporary employees provided by appellee. Appellant has presented two assignments of error that are:
"NUMBER ONE
 "The trial court committed a prejudicial error when it allowed the plaintiff to present additional evidence at objection hearing without requiring plaintiff to first demonstrate that the additional evidence being presented could not have been produced with reasonable diligence for the magistrate's consideration and without the creation of a record thereof.
"NUMBER TWO
 "The trial court committed prejudicial error when it failed to correctly inform defendant appellee's agent, Craig Hansen, regarding the need for A E Industries, Inc. to secure the services of an attorney."
This case began when appellee filed a complaint in the Toledo Municipal Court, Small Claims Division, seeking $1146.15 as "money owed" for "doing business." The case was initially heard by a magistrate. Representatives for each party testified, and exhibits were filed. The magistrate subsequently filed a decision entering judgment for appellant.
In the decision, the magistrate said that appellee had argued that appellant still owed appellee money, but that appellant denied the money was owed. The magistrate ruled that without a business record from either party, it was impossible to discern which witness was telling the truth. Therefore, the magistrate said, appellee failed to prove its claim by a preponderance of the evidence.
Appellee filed objections to the magistrate's decision. Appellee argued that the exhibits provided to the magistrate were invoices showing the amounts due each week from appellant for workers' compensation fees. Appellee said that exhibit No. 12 showed the total amount due that was never paid: $993.63. Appellee argued: "There are no other business records in the possession of Plaintiff and none are needed." Furthermore, appellee said that the evidence presented to the magistrate to contest its obligation to pay any more fees related to a different time period, and did not refute appellee's evidence.
On August 21, 2000, the trial court filed a judgment entry in which it found appellee's objections to the magistrate's decision well-taken. The trial court noted that appellee and its attorney were present at the hearing on the objections, but appellant did not appear. The trial court also entered specific rulings that each of appellee's exhibits were true and accurate copies. The trial court then granted judgment to appellee "in the amount of $993.63 plus costs and interest."
Appellant subsequently filed a motion to vacate the judgment, pursuant to Civ.R. 60(B), and a notice of appeal. The trial court denied the motion to vacate the judgment because of the pending appeal.
In support of its first assignment of error, appellant argues that the trial court erred by taking new evidence at the hearing on the objections to the magistrate's decision. Appellant says that pursuant to Civ.R. 52(E)(4)(b), the trial court could not take new evidence that was not presented to the magistrate unless appellee could show that even with reasonable diligence, it could not have produced the evidence earlier.
Appellant also argues that the trial court committed prejudicial error when it did not make any record of the hearing it held on appellee's objections to the magistrate's decision.
Appellee responds that the trial court did not accept any new evidence at the hearing on the objections to the magistrate's decision. Appellee says that the trial court was empowered, by the provisions found in Civ.R. 52(E)(4)(b), to adopt, reject or modify the magistrate's decision. Appellee says that since no new evidence was presented, the trial court was under no obligation to ask why due diligence on the part of appellee would not have resulted in the production of the evidence at the hearing held by the magistrate.
This court notes that no transcripts from the trial court, or acceptable substitutes for the transcripts as described in App.R. 9, were filed in this case. App.R. 9(B) places the obligation on appellants to ensure that a transcript is filed. In instances when no recording was made of the proceedings or a transcript is not available for some other reason, App.R. 9(C) places the obligation on appellants to "prepare a statement of the evidence or proceedings from the best available means * * *." Appellant did not meet its obligation to present this court with a transcript or an acceptable substitute. Accordingly, this court has no choice but to presume the propriety of the trial court's proceedings. See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Appellant's first assignment of error is not well-taken.
In support of its second assignment of error, appellant argues that the magistrate should have told its representative that he should seek a continuation of the hearing to seek counsel for appellant because of the provisions found in R.C. 1925.17, which prohibit a representative of a corporation in a small claims case from engaging in "cross-examination, argument, or other acts of advocacy." Appellant appears to be arguing that if it had hired counsel for the initial hearing in small claims, the hired counsel would have known it was important to appear at the hearing on the objections to the magistrate's decision, and appellant would have been represented at the hearing before the trial court.
First, we find nothing in the statute cited by appellant that places an obligation on the trial court to inform corporations that if they choose to send a representative, other than an attorney-at-law to represent their interests in a small claims case, they should consider asking for a continuance to hire counsel because the representative will not be able to conduct cross-examination, argument or other acts of advocacy. Second, even if we assume arguendo that such a duty did exist, appellant has failed to present this court with a transcript of the initial hearing or with an acceptable substitute for the transcript as provided for in App.R. 9. Accordingly, this court must once again presume the propriety of the trial court's proceedings. Appellant's second assignment of error is not well-taken and is denied.
The judgment of the Toledo Municipal Court, Small Claims Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________________________ Peter M. Handwork, J.
 Mark L. Pietrykowski, P.J., CONCUR. Richard W. Knepper, J.