OPINION
{¶ 1} This case presents the somewhat unusual situation of two prose litigants who are both unhappy with the decision of a small claims court. However, only one party has appealed (Mike Imber).
{¶ 2} The dispute in this case stems from a roofing job Imber performed for Plaintiff, Martha Hobbs, in May, 1998. At that time, Imber installed a new set of 20 year shingles over Hobbs' existing roof and was paid $1,200. According to Hobbs' complaint, the roof subsequently began leaking. Although Imber repaired the roof once, he allegedly did not respond to Hobbs' later calls. Eventually, Hobbs hired another contractor to repair the roof. She then filed a complaint, asking for $1,500 in damages.
{¶ 3} The case was tried on October 31, 2001, and the judge filed a decision on November 1, 2001, awarding Hobbs $150 in damages. Both sides were notified that the decision was a final, appealable order. However, as we said, only Imber appealed.
{¶ 4} Imber has not filed any specific assignments of error, as required by App.R. 16(A)(3). Based on the brief, Imber appears to be challenging various statements that Hobbs made at trial. In the interest of justice, we could construe this as a challenge to the weight of the evidence. See, e.g., Sayyah v. Cutrell (2001), 143 Ohio App.3d 102,106-07. Unfortunately, however, Imber did not file a transcript of the trial. In the absence of a transcript, we have nothing to review and must assume the validity of the lower court's ruling. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. See, also, Smart v. Nystrom
(1997), 119 Ohio App.3d 738, 741 (lack of transcript is generally fatal where assignment of error involves sufficiency or manifest weight of the evidence).
{¶ 5} Although we are required to affirm the trial court judgment, we note from reviewing the briefs of the parties that they are under a misapprehension that is probably common for pro se litigants. Specifically, both sides seem to believe that they can make factual statements in their briefs (whether such facts were presented at trial or not), and the appellate court can somehow "retry" the case. For example, Imber contends in his brief that he is a reputable businessman and has done nothing wrong. He indicates that he contacted Hobbs after the $150 judgment was awarded, and asked her to dismiss the case. According to Imber, he does not owe Hobbs "a dime or anymore of * * * [his] time."
{¶ 6} On the other hand, Hobbs is upset because she paid $35 to file the small claims action and has already incurred $60 for the cost of repairs. She claims that shingles continue to blow off the roof when the wind blows. Even after trial, Hobbs felt Imber should repair her roof, and she says she would just like for Imber to give her money back.
{¶ 7} Once a claim is filed and a trial court issues a judgment, the issues are settled between the parties, unless an appellate or supreme court reverses the case. Since the judgment in this case is being affirmed, what that means is that Imber does, in fact, owe something — he owes Hobbs $150 plus 10% interest from the date of the trial court judgment (assuming neither side appeals to the Ohio Supreme Court and is successful in having the judgment reversed). By the same token, Imber is under no obligation either to fix the roof or to have any further dealings with Hobbs. The trial court decided that the proper remedy for Hobbs' claim is $150. The trial court did not rescind the contract, nor did he order Imber to repair the roof. Accordingly, the $150 judgment is the extent of the remedy that Hobbs can receive.
{¶ 8} In light of the preceding discussion, the implied assignment of error is overruled, and the judgment of the trial court is affirmed.
FAIN, J., and GRADY, J., concur.