OPINION
{¶ 1} Appellee Kathy Bennett filed a complaint in the Small Claims Division of the Canton Municipal Court for damages related to a rebuilt engine installed by appellant Tim Jamison dba Auto Pro, in her pickup truck. Appellee also sued the manufacturer of the rebuilt engine, Jasper Engine and Transmissions. She began having difficulty with the truck almost immediately after the rebuilt engine was installed. She reported the problem to appellant, but no further work was done.
 {¶ 2} The case proceeded to a hearing before a magistrate. The magistrate found that appellant and Jasper were both liable for the cost of a rebuilt engine and the labor to install it. The magistrate recommended judgment against Jasper in the amount of $1955, and against appellant in the amount of $1045.
 {¶ 3} Appellant filed a pro se objection to the report of the magistrate. In his objection, appellant essentially claimed that the judgment is against the manifest weight of the evidence. He argued that she failed to properly maintain the truck, and she did not understand that a cap, rotor, plugs, and plug wires, did not come with a re-manufactured engine. The court overruled the objection, and entered judgment in accordance with the report of the magistrate.
 {¶ 4} Appellant assigns a single error on appeal:
 {¶ 5} "The trial court erred as a matter of law and abused its discretion in overruling appellant's objection to the magistrate's report, because the magistrate's report is not supported by the evidence and is agianst the manfiest weight of the evidence."
 {¶ 6} Appellant first argues that the transcript contained none of Tim Jamison's direct testimony on behalf of appellant, and the trial court therefore should have remanded the matter to the magistrate for a new hearing, or the court should have held its own hearing. However, the objection to the magistrate's report does not bring to the court's attention the fact that the transcript is incomplete. Civ.R. 53(E)(3)(b) provides that any objection to the findings of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact, or an affidavit of that evidence if a transcript is not available. When appellant discovered the transcript was incomplete, and did not include all of his testimony, it was incumbent upon appellant to supply the court with an affidavit of the evidence he intended to rely on in his objection to the magistrate's report. Appellant failed to do so.
 {¶ 7} Appellant failed to properly preserve the error for appeal by filing an objection to the magistrate's report, supported by evidentiary materials sufficient to allow the court to rule on the assignment of error. Further, as appellant's only assignment of error before this court is manifest weight of the evidence, and we have only an incomplete transcript of the proceedings, we must presume regularity in the proceedings below and affirm. Knapp v. Edwards Laboratories (1981),61 Ohio St.2d 197.
 {¶ 8} The assignment of error is overruled.
 {¶ 9} The judgment of the Canton Municipal Court is affirmed.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur