JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant P.M[1] ("plaintiff") appeals from the order of the Cuyahoga Common Pleas Court, Juvenile Division that dismissed her motion to modify child support and for attorney fees. For the reasons that follow, we affirm.
 {¶ 2} On February 5, 2001, plaintiff filed a motion to modify child support and motion for attorney fees. The record reflects failed service on various occasions. (R. 73b c, 75). Plaintiff contends that the court docket reflects that she perfected service upon defendant on September 4, 2001. The record, as transcribed for this appeal, however, does not contain a return receipt for that date.
 {¶ 3} Subsequent to a December 13, 2001 hearing held in this matter, the Magistrate issued an order indicating, inter alia, the "Defendant not served" and ordering the "cause continued to 2/14/02 at 9:00 A.M. for service on defendant at new address." (R. 77).
 {¶ 4} On June 7, 2002, the Magistrate dismissed plaintiff's motion to modify child support without prejudice for failure to complete service of same within one year. The Magistrate based its decision on "defendant's oral Motion to Dismiss *** and the evidence." (R. 87). The Magistrate also referenced "detailed arguments of counsel." Id.
 {¶ 5} Plaintiff filed objections to the Magistrate's decision. Therein, plaintiff stated that the "docket in this case was not presented to the Court" at the June 7, 2002 hearing. Plaintiff filed a motion to transcribe record, but apparently was informed that no transcript was available. On September 17, 2002, the trial court adopted the Magistrate's decision and overruled plaintiff's objections to same. Plaintiff appeals that ruling and raises one assignment of error, which states:
 {¶ 6} "I. The trial court erred in dismissing the motion to modify child support filed by [P.M.] on February 5, 2001."
 {¶ 7} It is well settled that the duty to provide a transcript for appellate review falls upon the appellant. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199; see, also, App.R. 3(A); App.R. 9(B); App.R. 10(A). Plaintiff's assigned error requires us to consider the arguments and evidence that the Magistrate referenced in the order dated June 7, 2002. Yet, there is nothing officially before this Court to indicate what evidence and arguments the Magistrate considered on June 7, 2002. If no transcript is available, as alleged by plaintiff here, App.R. 9(C) and (D) provides alternative means for completing the record where the transcript is unavailable. In the absence of a sufficient record, we must presume regularity in the trial court's proceedings and affirm the judgment of the trial court. Knapp, 61 Ohio St.2d at 199. Accordingly we overrule plaintiff's sole assignment of error.
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., and PATRICIA A. BLACKMON, J., CONCUR.
[1] The parties are referred to herein by their initials or title in accordance with this Court's established policy.