OPINION
{¶ 1} Appellants Jeffrey and Thalia Oster appeal a judgment of the Licking County Common Pleas Court ordering them to pay attorney fees and litigation costs incurred in the instant action by appellees Clifton Crais, Pamela Scully, Kenyon College, the First-Knox National Bank of Mount Vernon, and State Farm Fire and Casualty Company.
 {¶ 2} "THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES AND EXPENSES IN FAVOR OF APPELLEES AND AGAINST APPELLANTS, JEFFREY AND THALIA OSTER, AND THEIR ATTORNEY ANDREW J. SIMON.
 {¶ 3} "THE TRIAL COURT ABUSED ITS DISCRETION IN THE AMOUNT OF ATTORNEY FEES AWARDED."
 {¶ 4} On July 25, 1996, appellants filed an action in the Licking County Common Pleas Court against appellees Crais and Scully, claiming that appellants were owners of a portion of real estate in the Village of Granville by adverse possession. The case was voluntarily dismissed.
 {¶ 5} On October 21, 1999, appellants filed the instant action against appellees Crais and Scully, alleging that they had trespassed against appellant's property by virtue of a fence erected in 1996. Appellees counterclaimed, alleging that appellants trespassed on their property by virtue of an air conditioner unit which encroached on their property. Appellees First Knox National Bank of Mount Vernon and Kenyon College were joined as parties to the action. The case was dismissed on summary judgment, and this court affirmed.
 {¶ 6} Appellees filed motions for recovery of expenses, including attorney's fees, pursuant to App.R. 23. Appellee State Farm and Casualty Company intervened to recover attorney fees incurred in defending its policy holders, appellees Crais and Scully. This court overruled the motion for fees pursuant to App.R. 23 on December 3, 2001.
 {¶ 7} Appellees all filed motions for attorney fees in the Common Pleas Court, alleging frivolous conduct pursuant to Civ.R. 11. Following a two-day oral hearing in the matter, the court entered judgment awarding attorney fees, costs, and expenses in favor of appellees, and against appellants and their attorneys, jointly and severally. The court ordered that appellants pay fees to appellees Crais and Scully in the amount of $10,090.34; to State Farm Insurance in the amount of $33,730.88 and $2030, to Kenyon College in the amount of $9,722.39, and to First Knox National Bank of Mount Vernon in the amount of $4475. Appellants appeal the award of attorney fees.
 I II {¶ 8} We address both assignments of error together, as both address the propriety of the award, and challenge the amount of the award.
 {¶ 9} Appellants failed to request a transcript of the hearing concerning attorney fees, and also failed to provide the court with an App.R. 9(C) statement of the evidence, despite being granted an extension of time to do so. Where portions of the transcript are necessary for resolution of assigned errors and are omitted from the record, the reviewing court has nothing to pass upon, and thus, as to those assigned errors, has no choice but to presume the validity of the lower court proceedings and affirm. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 10} As to the court's finding that the litigation was frivolous, and the reasonableness and necessity of the attorney fees incurred by counsel for appellees, this court cannot pass on the propriety of that ruling in the absence of a transcript, and must presume regularity and affirm.
 {¶ 11} Appellants also argue that the court erred in awarding fees and costs associated with the appeal pursuant to App.R. 23, as this court has previously overruled a motion for fees pursuant to App.R. 23.
 {¶ 12} Civ.R. 11 allows an award of expenses and reasonable attorney fees incurred in defending a complaint which to the best of the attorney's or parties' knowledge, information, and belief, did not have good grounds to support it, or is interposed solely for purposes of delay. App.R. 23 provides that if a Court of Appeals determines that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee, including attorney fees and costs.
 {¶ 13} As this court has previously determined that the appeal was not frivolous pursuant to App.R. 23, the trial court could not award attorney fees and expenses incurred in conjunction with the appeal. Thus, to the extent it is apparent from the limited record provided to this court that the trial court awarded fees incurred in conjunction with the appeal, the judgment is in error.
 {¶ 14} It is apparent from the court's judgment that the amount of attorney fees was determined from the affidavits filed by the attorneys for appellees. The affidavits of Attorney Caborn for State Farm and Attorney Lovering for Kenyon College do not specifically set forth which portion of fees were incurred for the appeal, and which portion of fees were incurred in the trial court. In the absence of a transcript or evidentiary demonstration of the exact amount of fees incurred in accordance with the appeal, we cannot disturb the court's award concerning these two fee amounts.
 {¶ 15} However, the affidavit of Attorney Railsback representing appellee First Knox states that of the $4475 incurred in the case, $1687.50 of the fees were incurred in the court of appeals. The affidavit of Attorney Arnold for appellees Crais and Scully states that of the $10,090.34 incurred in the case, $1320 was incurred on appeal. The affidavit of Attorney Wenger for State Farm states that of the $33,730.88 incurred in the case, $10,617.53 was incurred on appeal. As to the attorney fee awards involving these three attorneys, the judgment is vacated solely as to the portion of fees incurred in the court of appeals.
 {¶ 16} The assignment of error is overruled in part and sustained in part.
 {¶ 17} The judgment of the court awarding attorney fees against appellant and in favor of appellee State Farm in the amount of $2030 incurred by Attorney Caborn is affirmed. The judgment of the court awarding appellee Kenyon College attorney fees expenses and costs in the amount of $9722.39 is affirmed.
 {¶ 18} The judgment of the court awarding attorney fees, expenses, and costs, in favor of appellee First Knox National Bank of Mount Vernon, appellees Crais and Scully, and appellee State Farm as to Attorney David Wenger, is vacated. Pursuant to App.R. 12(B) we hereby enter the judgment the court should have entered, and award attorney fees, expenses, and costs against appellant Jeffrey A. Oster and Thaila Oster, and their attorney, Andrew J. Simon, in favor of appellee First Knox National Bank in the amount of $2787.50; to appellees Crais and Scully in the amount of $8770.34, and to appellee State Farm for expenses incurred by Attorney Wenger in the amount of $23,113.35. Costs to be split equally between the parties.