OPINION
{¶ 1} Appellant Richard Whittington appeals the decision of the Court of Common Pleas, Coshocton County, which granted a directed verdict in favor of Appellee Wal-Mart Stores, Inc. in a premises liability action. The relevant facts leading to this appeal are as follows.
 {¶ 2} On November 13, 2001, appellant filed a pro se complaint against appellee, alleging he had been injured while shopping in the pet supplies area of the Coshocton Wal-Mart store on August 1, 2001. The complaint stated that eight dog food bowls fell from a shelf and struck appellant in the neck and shoulder. The matter proceeded to a jury trial on July 1, 2003. At the close of appellant's evidence, appellee moved for a directed verdict, which the trial court granted. Appellant thereafter filed a notice of appeal.
 {¶ 3} Appellant's brief and supplemental brief fail to set forth adequate assignments of error as required by App.R. 16(A)(3). However, in the interest of justice, we glean the following Assignment of Error from the brief (see Helfrich v. City of Pataskala Planning Zoning (Feb. 22, 2001), Licking App. No. 00CA82):
 {¶ 4} "I. The trial court erred in granting a directed verdict in favor of appellee Wal-Mart Stores, Inc."
 I. {¶ 5} Appellant challenges the trial court's grant of a directed verdict in favor of defendant-appellee. The standard for granting a directed verdict is set out in Civ.R. 50(A)(4): "* * * (4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue." In evaluating whether a directed verdict is merited, a court decides if "`there exists any evidence of substantial probative value in support of [the claims of the party against whom the motion is directed].'" Schafer v. RMS Realty (2000), 138 Ohio App.3d 244,257, citing Wagner v. Roche Laboratories (1996), 77 Ohio St.3d 116,119-120.
 {¶ 6} However, a review of the file in the case sub judice reveals that appellant has failed to provide us with a transcript of the relevant trial court proceedings pursuant to App.R. 9(B) and App.R. 10(A). Therefore, this Court has no choice but to presume the validity of the lower court's proceedings, and affirm. See Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197,199. See, also, Patrolman "X" v. Toledo
(1999), 132 Ohio App.3d 374, 380 (applying Knapp rationale in appeal of a trial court's grant of a directed verdict, where appellant failed to order complete trial transcript).
 {¶ 7} Accordingly, appellant's Assignment of Error is overruled.
 {¶ 8} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Coshocton County, Ohio, is hereby affirmed.
Wise, J. Gwin, P.J., and Boggins, J., concur.