{¶ 1} Appellant David A. Warner ("father") appeals the August 13, 2003 Journal Entry and November 7, 2003 Findings of Fact and Conclusions of Law entered by the Guernsey County Court of Common Pleas, Juvenile Division, which overruled father's Motion to Modify the Allocation of Parental Rights and Responsibilities, and ordered appellee Autumn Dickerson ("mother") to remain the residential parent and legal custodian of the parties' minor child.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Mykal Dickerson (DOB 5/19/95) is the son of father and mother. Father and mother never married On July 31, 1996, mother, through the Guernsey County Department of Human Services, filed a Complaint to Designate Residential Parent and Legal Custodian of Mykal in the Guernsey County Court of Common Pleas, Juvenile Division. Via Entry filed December 3, 1996, mother was designated residential parent and legal custodian of Mykal. On August 5, 2002, father filed a motion for modification of the custody order. Via Temporary Orders filed August 5, 2002, the trial court designated father the residential parent and legal custodian of Mykal during the pendency of the action. Upon motion of mother, the trial court appointed Attorney Jeremy Brockwell as guardian ad litem.
 {¶ 3} The matter came on for final trial on June 24, and August 7, 2003. Via Journal Entry filed August 13, 2003, the trial court ordered mother remain the residential parent and legal custodian of Mykal. Father filed a Request for Findings of Fact and Conclusions of Law on August 18, 2003. The trial court ordered the parties to submit their respective proposed findings and conclusions. Father filed a Notice of Appeal on October 10, 2003. This Court sua sponte dismissed the appeal for want of jurisdiction via Judgment Entry filed October 27, 2003. Father filed a motion for reconsideration with this Court, explaining he was still waiting for the trial court to issue findings of fact and conclusions of law. The trial court issued its Findings of Fact and Conclusions of Law on November 7, 2003. Via Judgment Entry filed December 12, 2003, this Court reinstated the instant action.
 {¶ 4} It is from the August 13, 2003 Journal Entry and November 7, 2003 Findings of Fact and Conclusions of Law father appeals, raising the following assignments of error:
 {¶ 5} "I. The juvenile court appointed attorney Jeremy Brockwell, guardian ad litem, of my son.
 {¶ 6} "II. Giving custody of my son to his mother, a convicted felon.
 {¶ 7} "III. Male Discrimination."
 {¶ 8} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 9} "(E) Determination and judgment on appeal.
 {¶ 10} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 11} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 12} This appeal shall be considered in accordance with the aforementioned rule.
 I, II, III {¶ 13} Because our disposition of father's three assignments of error is identical, we shall address said assignments together. Each of father's assignments of error challenge a decision of the trial court to which father was required to object. Father has failed to point where in the record he raised such objections to each issue. Further, father has not provided this Court with a transcript of any of the proceedings in this matter.
 {¶ 14} In Knapp v. Edwards Lab. (1980), 61 Ohio St.2d 197, the Ohio Supreme Court held: "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the Court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. at 199.
 {¶ 15} Based upon the authority of the Knapp, we presume the regularity of the trial court's decision.
 {¶ 16} The judgment of the Guernsey County Court of Common Pleas, Juvenile Division, is affirmed.
Hoffman, P.J., Wise, J. and Edwards, J., concur.