DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Hudson Omni III Ltd. sued Harold and Linda Hopkins after Vista Financial Group Inc. breached a lease they had guaranteed. After its attempts to serve the Hopkinses by certified mail were returned unclaimed, Hudson Omni asked the clerk of courts to serve them by ordinary mail. Although the ordinary mail envelopes were not returned to the clerk's office, the Hopkinses did not file an Answer. The trial court, therefore, granted Hudson Omni a default judgment. Hudson Omni later attempted to garnish one of the Hopkinses' bank accounts. The Hopkinses objected, but the trial court overruled their objections. The Hopkinses then moved to vacate the default judgment, but the trial court found it had had personal jurisdiction over them. Because the Hopkinses did not timely appeal the garnishment order, and because they did not submit a transcript of the hearing on their motion to vacate, this Court affirms. *Page 2 
 FACTS {¶ 2} Hudson Omni filed a complaint against Vista, alleging it had defaulted on a lease. Hudson Omni also sued the Hopkinses because they had guaranteed payment of the lease. After its attempts to serve the Hopkinses by certified mail were returned unclaimed, it requested service by ordinary mail. The summonses that were sent by ordinary mail were not returned, but the Hopkinses did not appear. On August 19, 2005, the court granted Hudson Omni a default judgment.
 {¶ 3} Hudson Omni then moved to garnish one of the Hopkinses' bank accounts. The Hopkinses objected, arguing that the account contained pension funds that were exempt. On June 4, 2007, the trial court overruled their objections and ordered the funds to be paid to Hudson Omni.
 {¶ 4} The Hopkinses did not appeal the court's decision. Instead, they moved to have the default judgment set aside, arguing that, because they had not been served properly, the court did not have personal jurisdiction over them. After Hudson Omni resisted the motion, the court held an evidentiary hearing. On December 17, 2007, it denied the Hopkinses' motion, finding that they did not present sufficient evidence to establish that they were not served and that, therefore, the judgment was void for lack of personal jurisdiction. The Hopkinses have appealed, assigning two errors.
 GARNISHMENT {¶ 5} The Hopkinses' first assignment of error is that the trial court incorrectly allowed Hudson Omni to garnish their pension funds. Hudson Omni has argued that this Court is without jurisdiction to consider their argument because they failed to timely appeal the trial court's decision on that issue. *Page 3 
 {¶ 6} Rule 4(A) of the Ohio Rules of Appellate Procedure provides that a party shall file a notice of appeal within 30 days of entry of the judgment appealed. On June 4, 2007, the trial court overruled the Hopkinses' objections to Hudson Omni's motion for garnishment and ordered the clerk of courts to pay it the contested funds. The Hopkinses did not file their notice of appeal until January 16, 2008. This Court, therefore, concludes that their attempt to appeal the June 4, 2007, order was untimely. Their first assignment of error is overruled.
 DEFAULT JUDGMENT {¶ 7} The Hopkinses' second assignment of error is that the trial court incorrectly denied their motion to set aside the default judgment. They have argued that they were residents of Michigan at the time Hudson Omni attempted to serve them by mailing notice to an Ohio address. They have also argued that they presented sufficient evidence to establish that they did not receive notice of the action.
 {¶ 8} On December 4, 2007, the trial court held a hearing on the Hopkinses' motion. In its decision, it referred to testimony given by Mr. Hopkins and his son at the hearing. It also referred to other evidence that the Hopkinses offered at the hearing. It found, however, that their evidence was "insufficient to establish that [Mrs.] Hopkins was not served with [Hudson Omni's] summons and complaint."
 {¶ 9} The Hopkinses have not provided this Court an adequate record. Specifically, they failed to file a transcript of the hearing. It is the appellants' duty to ensure that a transcript of proceedings is transmitted to the appellate court for review. App. R. 10(A); Loc. R. 5(A). "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has `no choice but to presume the validity of the [trial] court's proceedings, and affirm.'" Cuyahoga Falls v. James, 9th Dist. No. 21119, *Page 4 
2003-Ohio-531, at ¶ 9 (quoting Knapp v. Edwards Labs.,61 Ohio St. 2d 197, 199 (1980)). The Hopkinses' second assignment of error is overruled.
 CONCLUSION {¶ 10 } The Hopkinses did not timely appeal the trial court's order granting Hudson Omni's motion for garnishment. Because they did not file a transcript of the hearing on their motion to vacate, this Court must presume that the trial court's decision was correct. The judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to appellants. *Page 5 
 MOORE, P. J. WHITMORE, J. CONCUR *Page 1