[Cite as *Willoughby Hills v. Brown*, 2014-Ohio-976.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


| | | |
|---|---|---|
| CITY OF WILLOUGHBY HILLS, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-065** |
| KHAI V. BROWN, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Willoughby Municipal Court, Case No. 13 TRC 00089.

Judgment: Affirmed.


*Michael P. Germano*, City of Willoughby Hills Prosecutor, 37265 Euclid Avenue, Willoughby, OH 44094 (For Plaintiff-Appellee).

*James V. Loiacono*, Denman & Lerner Co., L.P.A., 8039 Broadmoor Road, Suite 21, Mentor, OH 44060 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Willoughby Municipal Court. Appellant Khai V. Brown pled no contest to operating a vehicle under the influence in violation of R.C. 4511.19(A)(1)(a). He appeals the trial court's denial of a motion to suppress the field sobriety tests used to arrest him. For the following reasons, we affirm.

{¶2} On January 4, 2013 Officer Randolph S. Mullenax received a tip that an intoxicated male was driving in a black Pontiac from Brindaliers Bars. Mullenax located

the vehicle, observed it weave out of its lane four separate times and stopped the car. After smelling alcohol on Brown, the driver of the vehicle, Mullenax asked Brown to step out of the car to conduct some field sobriety tests. Specifically, Mullenax requested Brown to recite the alphabet, perform the "finger to nose" test, to walk and turn around and stand on one leg, and perform the "HGN" test. Brown had difficulty completing all of the tests, leading to his arrest.

{¶3} Brown sought to exclude the field sobriety tests on the basis that they were not administered in substantial compliance with the National Highway Traffic Safety Administration (NHTSA) guidelines. The trial court denied the motion. This appeal followed.

{¶4} As his sole assignment of error, Brown alleges that:

{¶5} "The trial court committed prejudicial error in not granting defendant-appellant's motion to suppress based upon its opinion that the police officer was justified in arresting the defendant-appellant as a result of the proper administration of certified and proven field sobriety tests."

{¶6} On appeal, Brown alleges that R.C. 4511.19(D)(4)(b) requires that the field sobriety tests conducted for an OVI offense to substantially comply with NHTSA guidelines and that the tests used were not in substantial compliance with those guidelines. The City of Willoughby Hills argues that because Brown has only ordered a partial transcript, we must presume the missing parts of the record support the validity of the trial court judgment. We agree with the city and therefore do not evaluate the merits of Brown's appeal.

{¶7}   An appellant has the duty to provide a transcript for appellate review. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).  "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."  *Id.*; *see also, Waclawski v. Waclawski*, 11th Dist. Lake No. 2005 L-139, 2006-Ohio-3213, ¶14.

{¶8}   Accordingly, the judgment of the Willoughby Municipal Court is affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.