DECISION AND JUDGMENT ENTRY
This case comes before the court on appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division. Pursuant to 6th Dist.Loc.App.R. 12(C), this cause is placed on the court's accelerated docket.
Appellant, James R. Hennessy, appeals, pro se, the denial of his motion to reduce child support. Both of his assignments of error challenge the findings of fact and conclusions of law set forth in the magistrate's report and adopted by the trial court. Appellant never filed any objections to the magistrate's report.
Civ.R. 53(E)(3) provides that a party shall not assign as error on appeal the court's adoption of any of the magistrate's finding of facts or conclusions of law unless he or she objects to the same under this rule. By failing to object, the party waives any error in this regard. Brownv. Brown (Aug. 18, 2000), Wood App. No. WD-99-077, unreported. Thus, the issues raised by appellant were not preserved for our review, and appellant's first and second assignments of error are found not well-taken[1].
The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.
[1] The resolution of appellant's assignments of error also rest on the evidence adduced at the August 31, 2000 hearing held on his motion to reduce the amount of his child support. Appellant failed to file a praecipe ordering those portions of the transcript of that hearing necessary to the disposition of his assignments of error and to file said transcript or a statement of evidence pursuant to App.R. 9(C) or (D). "[W]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Thus, the trial court's judgment must also be affirmed on this basis.