OPINION
Appellant Dale A. Oatess appeals a judgment of the Fairfield County Municipal court convicting him of obstructing official business (R.C.2921.31), possession of drug paraphernalia (R.C. 2925.14(C)(1)), criminal trespass (R.C. 2911.21(A)(3)), and driving under the influence (R.C.4511.19 (A)(1)):
ASSIGNMENTS OF ERROR
 THE LOWER COURT LACKED JURISDICTION. ALL ELEMENTS OF ALLEGED CRIME WERE NOT PROVEN. THE LOWER COURT TAMPERED WITH THE JURY.
According to the incident report filed in the instant case, on February 17, 2001, a security officer at the Ralston Purina plant in Lancaster, Ohio, notified the police department that an unauthorized vehicle was parked on the property of the facility, and a person was inside. Upon arriving at the scene, two Lancaster police officers approached the vehicle, which was running, and observed appellant reclined in the driver's seat, apparently sleeping.
The officers awakened the occupant of the vehicle by knocking on the window. The officers believed that appellant might have been intoxicated, and his eyes were glassy, and his movements were slow. They asked the driver to turn off the vehicle, which he did. Appellant refused to roll down the window or open the door, stating that he was on private property and wanted to see a written complaint. He refused to identify himself, and started the vehicle and began to put it in gear, as if to drive off. After the officers yelled at him several times to shut off the car, he complied. He reached under the seat several times, but after repeated orders to show his hands, he complied.
Officers then decided to break out the small wing window on the driver's side of the car. One of the officers broke the window with his flashlight, and unlocked the door. The door was then unlocked, and appellant was removed from the vehicle.
Upon an inventory search of the vehicle, officers found a brass fitting with marijuana residue, a set of hemostats with marijuana residue, and rolling papers.
Appellant was charged with obstructing official business, possession of drug paraphernalia, criminal trespass, and driving under the influence. The case proceeded to jury trial in the Fairfield County Municipal Court. Appellant was convicted of all charges.
 I
Appellant argues that the court lacked jurisdiction over his case.
A municipal court has subject-matter jurisdiction over criminal cases concerning the alleged commission of any misdemeanor within its territorial limits. R.C. 1901.20 (A). Appellant was charged with four misdemeanors which occurred in the City of Lancaster, in Fairfield County. The City of Lancaster lies within the territorial jurisdiction of the Fairfield County Municipal Court. R. C. 1901.02 (B). Because appellant was charged with misdemeanor offenses within the territorial jurisdiction of the Fairfield County Municipal Court, the court had jurisdiction over the complaints.
The first assignment of error is overruled.
 II
Appellant argues that the convictions were not supported by sufficient evidence.
On June 6, 2001, appellant filed a notice of appeal. On June 25, 2001, he filed his docketing statement, indicating that the record would consist of the docket and journal entries only, with no transcript of the proceedings. On July 12, 2001, he then filed a "motion for transcript of trial," in the Fairfield County Municipal Court. Appellant did not comply with App.R. 9 (B), which requires that at the time of filing the notice of appeal, the appellant shall order in writing from the court reporter a complete transcript, or a transcript of the parts of the proceedings not already on file, as the appellant considers necessary for inclusion in the record, and file a copy of the order with the clerk.
On July 17, 2001, the court filed an entry ordering the case to be transferred to the court of appeals, as a notice of appeal was filed on June 6, 2001, and no transcript was filed. On July 18, appellant filed a motion to extend the time to transmit the record. While the motion stated that the court needed additional time to prepare the transcript, the motion did not include an affidavit of the court reporter, and appellant had not filed a praecipe seeking preparation of the transcript. Further, the application was filed more than 40 days after the notice of appeal was filed. A request for extension to the trial court and a ruling by the court must be made within time originally prescribed, or within any extension previously granted. App.R. 9 (C). The court, by judgment entry dated July 18, 2001, extended the time for preparation of the transcript for 40 days.
The transcript was never ordered or prepared, and on August 27, 2001, the clerk of courts filed notice of the filing of the record on appeal, indicating that the record did not include a transcript of the proceedings. Appellant made no further attempt to secure a transcript of the proceedings.
Appellant's second assignment of error relies for its validity on the evidence admitted at trial. In the absence of a transcript of the proceedings, this court has nothing to pass upon, and has no choice but presume the validity of the lower court's proceedings and affirm. Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197. As appellant did not meet his burden of demonstrating error by reference to matters in the record, the second assignment of error is overruled.
 III
Appellant does not separately argue this assignment of error as required by App.R. 16 (A)(7). Further, appellant has not provided this court with a transcript of proceedings to support his claim of error. The third assignment of error is overruled.
The judgment of the Fairfield County Municipal Court is affirmed.
By GWIN, J., HOFFMAN, P.J., and BOGGINS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court is affirmed. Costs to appellant.