DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from a judgment of the Lucas County Court of Common Pleas in which appellant, Brian W. Snow, was awarded prejudgment interest pursuant to R.C. 1343.03(A). Appellant argues that he should have received prejudgment interest in accordance with R.C. 1343.03(C). For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellant was involved in two separate automobile accidents in July 1995, the first with Denise M. Pollick and the second with Larry D. Booth, Sr. At the time of the accidents, appellant was insured by appellee, Allstate Insurance Company, with uninsured/underinsured policy limits of $100,000 per person and $300,000 per accident. Appellant filed negligence suits against both Pollick and Booth, and the cases were consolidated. Appellee filed a motion to intervene in the case when it learned that Pollick was an uninsured motorist.
 {¶ 3} Appellant claimed he had incurred approximately $26,000 in medical expenses and that he had lost wages in the amount of $5,800 as a result of the two accidents. Appellant also claimed he was facing $290,000 in future medical expenses resulting from his injuries. Consequently, appellant asserted that he was entitled to $200,000 under his own uninsured motorist automobile policy, and an additional $25,000 which represented the limit of Booth's liability insurance policy.
 {¶ 4} Appellee and Booth countered appellant's $225,000 settlement offer with an offer of $15,000 to settle the claim. They contended that the accidents had resulted in relatively minor soft tissue injuries to appellant, and any more serious injuries were caused by factors other than the accidents. No further settlement discussions took place until the morning of trial when the trial judge conducted settlement negotiations. Those negotiations did not result in any change in the parties' positions.
 {¶ 5} At trial, appellant received a jury verdict against appellee in the amount of $29,000, including $11,000 for economic damages and $18,000 for non-economic damages. The jury also concluded that appellant sustained no compensable injury in the accident caused by Booth.
 {¶ 6} Appellant filed two successive motions for prejudgment interest. In the first, he requested that the court grant him interest in accordance with R.C. 1343.03. In the second, amended motion, appellant asked that the court grant him prejudgment interest pursuant to R.C.1343.03(A) and/or (C). The trial court ruled that R.C. 1343.03(A) was the applicable provision, and that appellant was entitled to prejudgment interest from the date of the jury verdict until the date on which the judgment was satisfied.
 {¶ 7} Appellant then filed assorted motions regarding his award of prejudgment interest, asserting that the trial court erred in not taking into account a settlement offer of between $60,000 and $90,000 that he claims to have made the morning of trial. Appellant submitted an affidavit from his attorney, who claimed that he communicated the offer to the trial court judge. Appellee's motion in opposition argued that appellant's motions were not proper, and even if they were, appellant's alleged offer should not affect the court's decision to find that the claim for prejudgment interest became due and payable on the date of the jury's verdict. The trial court denied appellant's motions.
 {¶ 8} It is from this decision that appellant appeals and asks this court to consider the following assignments of error:
 {¶ 9} "1. Whether prejudgment interest should be awarded in accordance with R.C. 1343.03(A).
 {¶ 10} "2. Whether the court should consider bad faith when determining if prejudgment interest should be awarded pursuant to R.C. 1343.03(A).
 {¶ 11} "3. Under the peculiar facts of this litigation should prejudgment interest accrue from the date of the accident, the date of the filing of the litigation, the date of the judgment, or some other significant event."
 {¶ 12} Due to the interrelated nature of appellant's assignments of error, we will discuss them together.
 {¶ 13} Appellant argues that his award of prejudgment interest should begin to accrue from the date of the first accident. In support of this argument, appellant asserts that appellee acted in bad faith by refusing to engage in good faith settlement negotiations and by unnecessarily delaying trial. Appellant also claims that the trial court based its decision on incorrect information, in that it did not consider the offer appellant claims to have made in the $60,000 to $90,000 range.
 {¶ 14} The determination to award prejudgment interest rests within the trial court's sound discretion. Scioto Mem. Hosp. Assn., Inc.v. Price Waterhouse (1996), 74 Ohio St.3d 474, 479. The trial court's finding on this issue will not be reversed absent a clear abuse of discretion. Kalain v. Smith (1986), 25 Ohio St.3d 157, 159. The Ohio Supreme Court defines abuse of discretion as an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 15} The Ohio Supreme Court has determined that claims arising out of an uninsured/underinsured policy of motorist insurance are contractual claims, and as such, R.C. 1343.03(A) is the applicable provision under which to award prejudgment interest. Landis v. GrangeMutual Insurance Co. (1998), 82 Ohio St.3d 339.
 {¶ 16} In Landis, the Supreme Court left discretion for determining prejudgment interest to trial courts in order to assure that the aggrieved party is made whole. Id. at 341-342. The Court was concerned with the injustice that occurs when an insurance company's denial of benefits contractually owed leads the parties through a lengthy judicial process. Id.
 {¶ 17} In interpreting Landis, this court has held that with regard to awarding prejudgment interest, the coverage owed in an uninsured motorist case becomes due and payable when it is determined by a court, arbitrator, or by agreement of the parties that such a loss is covered. Stacy v. Nationwide Mut. Ins. Co. (1998), 125 Ohio App.3d 658,673.
 {¶ 18} In this case, that determination occurred when the trial court entered judgment on the verdict. Therefore, we find no abuse of discretion on the part of the trial court in ruling that the verdict triggered accrual of appellant's prejudgment interest. Nor do we find any abuse of discretion in the trial court's use of R.C. 1343.03(A) in making its determination of prejudgment interest.
 {¶ 19} We note that "lack of a good faith effort to settle is not a predicate to an award of prejudgment interest pursuant to R.C.1343.03(A), as it is under R.C. 1343.03(C)." Landis, supra. Therefore, appellant's argument that appellee acted in bad faith becomes moot in light of the court's use of R.C. 1343.03(A). In addition, there was no evidence presented that appellee acted in bad faith.
 {¶ 20} Finally, we note that appellant did not provide this court with any transcripts of the proceedings as he is required to do under App.R. 9. Therefore, we were unable to review a transcript of the hearing on award of prejudgment interest. Consequently, with respect to appellant's allegations that the court did not properly consider evidence of his settlement offer, this court must presume the regularity of the proceedings below and hold that the trial court properly determined appellant's award of prejudgment interest. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197.
 {¶ 21} For the foregoing reasons, appellant's assignments of error are found not well-taken.
 {¶ 22} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED.
Handwork, P.J., and Sherck, J., concur.