OPINION
{¶ 1} Defendant-appellant Leslie O. Webb appeals the April 26, 2002 Judgment Entry of the Delaware Municipal Court which denied his Motion to Set Aside Plea. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE CASE[1] {¶ 2} On October 6, 2001, appellant was arrested for driving under the influence of alcohol and driving under suspension. On October 25, 2001, appellant plead guilty to both counts and was sentenced accordingly.
 {¶ 3} On March 28, 2002, appellant filed a Motion to Set Aside Plea, averring his plea was not knowingly, intelligently and voluntarily made. The motion was premised upon appellant's claim his plea was not voluntary because his trial counsel threatened to withdraw if appellant did not accept the plea bargain offered by the prosecutor.
 {¶ 4} On April 22, 2002, the trial court conducted a hearing on appellant's motion. Via Judgment Entry filed April 26, 2002, the trial court denied his motion. It is from that entry appellant prosecutes this appeal, assigning as error:
 {¶ 5} "I. The trial court erred in denying Mr. Webb's motion to set aside plea."
 I. {¶ 6} Crim.R. 32.1 permits a defendant to withdraw a guilty plea after sentence if such withdrawal is necessary to correct a manifest injustice. The trial court's ruling on a motion to withdraw a guilty plea is reviewed under an abuse of discretion standard. State v. Mushrush
(1999), 135 Ohio App.3d 99. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.State v. Mauer (1984), 15 Ohio St.3d 239, 250. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 7} In order for us to determine whether the trial court abused its discretion in overruling appellant's motion, it is necessary to review the transcript of both the October 25, 2001, and April 22, 2002 hearings. Appellant has provided this Court with the videotape of those hearings. Pursuant to App.R. 9(A), such videotape constitutes the transcript of proceedings. However, the rule further provides when the transcript of proceedings is in the videotape form, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs. Appellant has not attached to his brief any typed or printed portion(s) of the transcript.
 {¶ 8} Appellant claims such failure is not fatal to his appeal because the written form of the transcript is not necessary for us to determine the question presented. Appellant argues because the alleged trial court's error hinged upon a fatal omission during the October 25, 2001 hearing, it is patent appellant could not have directed this Court to a portion of the videotape wherein the admission occurred, thereby relieving appellant of his obligation to convert the videotape to written form. We disagree.
 {¶ 9} When appellant's claim rests upon an omission, we find appellant must convert the entire videotape to written form. We find the entire transcript of both the October 25, 2001, and April 22, 2002 hearings are necessary for our appellate review.
 {¶ 10} Appellant's failure to comply with App.R. 9(A) is tantamount to having failed to provide this Court with a transcript. InKnapp v. Edwards Lab. (1980), 61 Ohio St.2d 197, the Ohio Supreme Court held, "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the Court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. at 199.
 {¶ 11} Based upon the authority of Knapp, we presume the regularity of the trial court's decision and find appellant has failed to affirmatively demonstrate in the record the trial court abused its discretion in denying his Motion to Set Aside Plea.
 {¶ 12} Appellant's sole assignment of error is overruled.
 {¶ 13} The judgment of the Delaware Municipal Court is affirmed.
By: Hoffman, P.J., Farmer, J. and Edwards, J. concur.
topic: motion to set aside plea.
[1] A statement of the facts is unnecessary for our resolution of this appeal for the reasons set forth in our discussion of appellant's assignment of error.