OPINION
{¶ 1} Appellant, Shannon Boggs, appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, requiring her visits with her daughter, B.S., to be supervised.
 {¶ 2} B.S.'s legal custodians, Kenneth and Patricia Roberts, filed a motion to suspend visitation in 2001. A hearing was held before a juvenile court magistrate. The magistrate issued a decision to restrict appellant to supervised visits. Appellant filed objections to the magistrate's decision. Her objections were overruled and the magistrate's decision was adopted by the trial court.
 {¶ 3} Appellant now appeals, arguing that the decision to restrict visitation was not supported by clear and convincing evidence.
 {¶ 4} We cannot determine whether the trial court's judgment is against the manifest weight of the evidence because appellant failed to provide the pertinent trial court transcript or a statement of evidence. See Krost v. Baltz, Cuyahoga App. No. 80252, 2002-Ohio-3110. This court issued an order for appellant to supplement the record with the necessary transcripts and applicable exhibits to determine the issues, but she failed to do so.
 {¶ 5} The duty to provide a transcript for appellate review falls upon the appellant because appellant bears the burden of showing error by reference to matters in the record. Knapp v. Laboratories (1980),61 Ohio St.2d 197, 199; App.R. 9. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings. Id.; Ramey v. Ellis, Cuyahoga App. No. 80037, 2002-Ohio-3441.
 {¶ 6} Further, we have reviewed the record before us, including the trial court's visitation decision. The trial court based its decision on allegations about inappropriate sexual interaction between appellant's husband and B.S. The trial court was concerned that appellant could not be trusted to protect her child. The trial court's concerns were fueled by the fact that appellant did not believe the allegations about her husband and had previously demonstrated a lack of compliance with court orders, which resulted, in part, in the termination of her parental rights to two of her other children. We do not find any errors appearing on the face of the trial court's decision. See Moler v. Moler (July 7, 1982), Butler App. No. CA80-12-0145.
 {¶ 7} Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.