OPINION
{¶ 1} Appellant appeals the denial of his motion to withdraw his plea of no contest on one count of possession of cocaine.
 {¶ 2} Appellee is the State of Ohio.
 {¶ 3} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 4} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 5} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE {¶ 6} On December 1, 1975, appellant, Ronnie Earl Peoples, pled guilty to two counts of aggravated robbery in violation of R.C. 2911.01. By judgment entry filed December 3, 1975, the trial court sentenced appellant to four to twenty-five years in prison, to be served concurrently.
 {¶ 7} On February 24, 2003, appellant filed a petition for writ of error coram nobis and/or motion to vacate, claiming he was denied his right to counsel at sentencing and the uncounseled conviction was used to enhance his current sentence in Alabama.
 {¶ 8} The petition was assigned to the Honorable James D. Henson, Judge of the Court of Common Pleas of Richland, County, Ohio. By judgment entry filed March 27, 2003, Judge Henson denied appellant's writ/motion.
 {¶ 9} Appellant filed an appeal and this court remanded the matter to the trial court for an evidentiary hearing regarding whether Appellant was denied his right to counsel at sentencing.
 {¶ 10} On March 18, 2004, an evidentiary hearing was held wherein the trial court heard testimony from Appellant's former trial counsel, Atty. Robert Matthews. The trial court also had before it documentary records and journal entries from 1975, as well as argument made by Appellant who appeared telephonically from prison, his counsel and the State of Ohio. Based on the evidence presented, the trial court found that Atty. Matthews was present at Appellant's plea and his sentencing and denied Appellant's petition for writ of error coram nobis and/or motion to vacate.
 {¶ 11} Appellant now appeals said finding.
 {¶ 12} While Appellant has failed to set forth separate Assignments of Error, he has included the following two Issues Presented For Review, which we will address as assignments of error:
 ASSIGNMENTS OF ERROR {¶ 13} "I. Whether due process forbids a court from relying on materially false and unreliable information when imposing a sentence."
 {¶ 14} "II. Whether the due process is irreparably flawed when a judge who would be reasonably believed to be biased was the judge who ruled on the motion."
 I. {¶ 15} In his first assignment of error, Appellant appears to be arguing that the trial court's decision was based on insufficient evidence. We disagree.
 {¶ 16} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 {¶ 17} "An appellate courts function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 18} Upon review, we find that appellant has failed to provide us with a transcript of the relevant trial court proceedings pursuant to App.R. 9(B) and App.R. 10(A). Therefore, this Court "has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards
Laboratories (1980), 61 Ohio St.2d 197,199.
 {¶ 19} Appellant's first assignment of error is overruled.
 II. {¶ 20} In his second assignment of error, Appellant alleges that the trial court was biased.
 {¶ 21} We initially note that this matter was transferred from one judge to another per Appellant's request.
 {¶ 22} Again, absent a transcript of the relevant trial court proceedings we must presume the validity of the lower court's proceedings, and affirm. Knapp, supra.
 {¶ 23} Appellant's second assignment of error is overruled.
 {¶ 24} The judgment of the Richland County Court of Common Pleas is affirmed.
Boggins, J., Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs assessed to Appellant.