OPINION
{¶ 1} Appellant has appealed his conviction on charges of possession of drug paraphernalia and drug abuse, rendered in Mahoning County Court No. Four. The court imposed a sentence of 30 days in jail on the drug paraphernalia charges, with 15 days suspended, and a fine of $100 on the drug abuse charge. Appellant argues that he was denied his Sixth Amendment right to counsel. He contends that he was indigent but was not given court-appointed counsel by the trial court. Appellant also argues that the trial court should have sustained his motion to suppress evidence obtained during the traffic stop that eventually led to charges being brought against him. The Mahoning County Prosecutor's Office has not filed an Appellee's brief in this case, but has filed a document labeled as "Memorandum Confessing Error in Proceedings Below," signed by the county prosecutor himself. The prosecutor's memorandum agrees that Appellant should have been appointed counsel during the lower court proceedings, and would have this Court sustain Appellant's first assignment of error. The prosecutor does not address Appellant's second assignment of error, except to declare that it is moot. Based on the record and on Appellee's confession of error, the judgment of the trial court is hereby reversed, including the judgment entry overruling Appellant's motion to suppress, and the case is remanded for further proceedings.
 {¶ 2} On July 7, 2002, Appellant was charged with one count of possession of drug paraphernalia in violation of R.C. § 2925.14, a fourth degree misdemeanor, and one count of drug abuse (possession or use of marijuana), in violation of R.C. § 2925.11, a minor misdemeanor. The Austintown Police Department found a roach clip and a marijuana cigarette in Appellant's possession after a pat-down search that occurred during a traffic stop earlier that day. The stop was initiated because the car was speeding, and during the stop a canine officer alerted the presence of drugs near the passenger side door. (Tr., pp. 79-80.) The car was driven by Appellant's father, and Appellant was in the passenger seat. The officer searched the vehicle and did not find drugs. He then proceeded to search Appellant, and the results of that search led to criminal charges being filed.
 {¶ 3} On July 31, 2002, Appellant filed a pro se motion for appointed counsel, which was denied on August 1, 2002, without explanation, by the trial court. There is no other information in the record explaining or otherwise documenting the court's decision.
 {¶ 4} On August 16, 2002, Appellant filed a motion to suppress evidence. A hearing was held on October 3, 2002. The court overruled the motion by journal entry the same day. There is no transcript of that hearing in the record.
 {¶ 5} On September 9, 2002, Appellant filed another motion to have appointed counsel.
 {¶ 6} On March 6, 2003, Appellant filed a motion to disqualify the trial judge and the judge recused himself from the case the same day.
 {¶ 7} The case went to jury trial on March 11, 2003 before a different judge. Appellant represented himself, although he did make another request for appointed counsel. (Tr., p. 23.) The jury found Appellant guilty of both charges. On March 11, 2003, the court filed its judgment entry, sentencing Appellant to 30 days in jail, with 15 days suspended, on the drug paraphernalia charge; 1 year of reporting probation; a 6-month license suspension; and a $100 fine for the drug possession charge.
 {¶ 8} On March 12, 2003, Appellant filed a motion to set aside his sentence of confinement due to the fact that he was not given appointed counsel. The court overruled the motion on March 20, 2003, stating that, "[d]efendant was afforded the opportunity, numerous times, through the pendency of proceedings to request counsel and was found not to be indigent by this Court."
 {¶ 9} Appellant filed his appeal on March 27, 2003. A short explanation may be helpful to explain why this appeal has been pending since that time.
 {¶ 10} Appellant filed a pro se brief on April 30, 2003, and Appellee filed its response. On June 16, 2003 this Court granted a stay of execution of sentence. On June 23, 2003, Appellant filed a motion for appointed counsel and for production of a transcript at state expense. Appellant noted that similar motions in the trial court had not been ruled upon.
 {¶ 11} On June 30, 2003, the trial court ordered a transcript to be provided at state expense, and deferred the question of indigency to this Court since an appeal had already been filed.
 {¶ 12} On November 10, 2003, this Court denied Appellant's request for counsel and for transcripts at public expense. On December 1, 2003, Appellant filed a "Motion in Opposition to Journal Entry," which was interpreted by this Court to be a motion for reconsideration of the November 10, 2003, journal entry. The motion was denied on December 22, 2003.
 {¶ 13} On April 6, 2004, this Court filed another journal entry in response to the failure of the state to produce the transcripts that had been ordered months earlier. The journal entry remanded the case to the trial court for limited purpose of making a definitive ruling on Appellant's indigency. This Court noted that the trial court's ruling seemed contradictory, denying appointed counsel due to lack of indigency, but allowing transcripts at public expense because Appellant was indigent.
 {¶ 14} On May 24, 2004, the trial court ruled that Appellant was indigent, and reiterated that the state would pay for transcripts. The trial judge did not actually appoint counsel, however.
 {¶ 15} On August 16, 2004, this Court appointed counsel for Appellant, and ordered that the trial audiotape be made available to counsel for transcription. The transcript was filed with this Court on March 14, 2005, and Appellant filed his brief on March 24, 2005. The Mahoning County Prosecutor filed a "Memorandum Confessing Error" on May 5, 2005.
 {¶ 16} Appellant has raised two assignments of error.
 ASSIGNMENT OF ERROR NO. 1 {¶ 17} "THE APPELLANT WAS UNDULY PREJUDICED WHEN THE TRIAL COURT IMPORPERLY [sic] DENIED HIS SIX [sic] AMENDMENT RIGHT TO COUNSEL."
 {¶ 18} Appellant argues that the Sixth Amendment guarantees a criminal defendant the right to be represented by counsel at state expense if necessary. See Gideon v. Wainwright (1962), 372 U.S. 335, 83 S.Ct. 792,9 L.Ed.2d 799. Appellant argues that Argersinger v. Hamlin (1972),407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, extended the right to counsel to any offense for which imprisonment would be imposed. Appellant also submits that Crim.R. 44(B) prohibits a court from imposing a jail term as part of the sentence if the defendant is unable to obtain counsel or unless there is a valid waiver of counsel:
 {¶ 19} "(B) Counsel in petty offenses. "Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel."
 {¶ 20} Appellant concludes that his conviction and sentence should be vacated because it is now a matter of record that he was and is indigent, and there is nothing in the record supporting the trial court's continued finding that he was not indigent.
 {¶ 21} The Mahoning County Prosecutor has admitted that the trial court erred in not providing counsel for Appellant, and agrees that the judgment should be vacated and the case remanded for a new trial. Therefore, Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR NO. 2 {¶ 22} "THE APPELLANT WAS DENIED DUE PROCESS WHEN THE TRIAL COURT OVERRULED APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE, WHICH WAS FOUND AFTER THE TRAFFIC STOP, AND PREJUDICED THE JURY AGAINST APPELLANT."
 {¶ 23} Appellant argues that the police had no reason to search him during the traffic stop. He contends that the police must have a reasonable and articulable suspicion that a passenger is armed and dangerous before searching a passenger during a routine traffic stop.Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889. Appellant agrees that an officer can order a person out of a vehicle during a traffic stop. Pennsylvania v. Mimms (1977), 434 U.S. 106,98 S.Ct. 330, 54 L.Ed.2d 331. Appellant also is aware that the canine officer alerted that drugs were present near the passenger side door. The officers, though, found no drugs in the car. These facts, according to Appellant, do not justify the decision to engage in a pat-down search, because the drugs could have been present on either the driver or the passenger and there was no particular reason to suspect Appellant as the source of the drugs.
 {¶ 24} Appellee does not address this assignment of error except to conclude that it is moot. Appellee is not quite correct, because our decision with respect to the suppression hearing could significantly alter the subsequent proceedings upon remand, or even eliminate the need for a remand altogether if the evidence discussed at the suppression hearing should, in fact, have been suppressed.
 {¶ 25} Appellant has not provided a transcript of the suppression hearing, and without that transcript or its equivalent, the factual details of this assignment of error cannot be reviewed. App.R. 9(B);Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 15 O.O.3d 218,400 N.E.2d 384. Thus, we cannot conclude that any specific evidence should have been suppressed. Nevertheless, Appellant was not represented by counsel at the suppression hearing, and any error in the failure of the trial court to appoint counsel necessarily affected the manner in which the suppression hearing was conducted. Appellee has already conceded that the trial court erred in not providing counsel for Appellant, and without any further rebuttal from the prosecutor, we hereby sustain Appellant's second assignment of error and order that Appellant be given a new suppression hearing.
 {¶ 26} Based on the record before us and on the fact that the Mahoning County Prosecutor himself has admitted that the trial court erred in failing to appoint counsel for Appellant, the conviction and sentence are vacated. Furthermore, the October 3, 2002, entry overruling Appellant's motion to suppress is also vacated, and Appellant is entitled to a new suppression hearing. This case is remanded to the trial court for further proceedings consistent with this Opinion.
Donofrio, P.J., concurs.
Vukovich, J., concurs.