OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and Appellant's brief. Appellant Kelly Garrett appeals the decision of the trial court granting judgment in favor of Appellee Kimberly Chirchiglia. With this appeal, Garrett challenges the trial court's decision to give the jury two verdict forms; one for the defense and one for the plaintiff. Garrett argues that this was improper as this was a trial for damages and liability was not in dispute. This argument must fail, however, as Garrett has failed to supply either legal authority for this contention or a complete transcript for this court's review. Accordingly, the judgment of the trial court is affirmed.
 {¶ 2} On December 26, 2001, Garrett and Chirchiglia were involved in an automobile collision. Garrett filed suit against Chirchiglia claiming that she suffered serious bodily injuries as a result of this accident. Although Chirchiglia stipulated to liability for the accident, the case went to trial on damages and the jury returned with a verdict in favor of Chirchiglia.
 {¶ 3} Garrett's sole assignment of error alleges:
 {¶ 4} "The trial court abused its discretion when it provided the jury with a verdict form for the Defendant-Appellee, thereby persuading the jury to incorrectly find in favor of Defendant-Appellee, a verdict inconsistent with the evidence and testimony presented at trial."
 {¶ 5} Essentially, Garrett is arguing that since this was only a trial involving damages, it was error for the trial court to provide the jury with a verdict form for the Plaintiff and one for the Defendant. This claim must fail.
 {¶ 6} First, the argument must fail as Garrett has failed to support this contention with any legal support. See App. R. 16 (A)7. Second, Garrett has provided this court with a partial transcript of the proceedings, specifically, only the testimony given by her medical expert. Thus, there is no way of knowing whether evidence was produced elsewhere in the record that countered that testimony. Moreover, there is no way of knowing whether Garrett properly objected to the form of the jury verdicts to which she now objects.
 {¶ 7} "It is well settled that appellant has the duty to demonstrate error on appeal and must provide a record which exemplifies that claimed error." Tyrrell v. Investment Assoc.,Inc. (1984), 16 Ohio App.3d 47. This is true because "appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."Koruschak v. Smortrilla (July 16, 2001), 7th Dist. No. 99 CA 320, p 1, quoting Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. See also, State v. Gross, 7th Dist. No. 01 CA 115, 2002-Ohio-3465, at p. 14, footnote 1.
 {¶ 8} Accordingly, Garrett's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Vukovich, J., concurs.
Waite, J., concurs.