[Cite as *State v. Nolin*, 2013-Ohio-477.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 12CA40 |
| CRYSTAL NOLIN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
                             Common Pleas, Case No. 12CR0026D


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      February 13, 2013


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant


JAMES J. MAYER, JR.                   KRISTIN E. BROWN
PROSECUTING ATTORNEY                  Calhoun, Kademenos & Childress, LPA
RICHLAND COUNTY, OHIO                 Suite 200
                                      6 West Third Street
BY: JILL M. COCHRAN                   Mansfield, Ohio 44901
Assistant Richland County Prosecutor
38 South Park Street
Mansfield, Ohio 44902

*Hoffman, J.*

{¶1}  Defendant-appellant Crystal Nolin appeals her conviction and sentence entered by the Richland County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE CASE[1]

{¶2}  On February 13, 2012, Appellant entered a plea of no contest to the charges of illegal conveyance of weapons or prohibited items onto the grounds of a specified governmental facility, in violation of R.C. 2921.36(A)(2), and trafficking in marijuana, in violation of R.C. 2925.03(A), pursuant to a negotiated plea agreement. Appellant agreed to proffer and testify truthfully and usefully against her co-defendant, if necessary, in exchange for the State's recommendation of probation or community correction at sentencing.

{¶3}  On April 23, 2012, the trial court conducted a sentencing hearing.  At the sentencing hearing, Appellant maintains the trial court informed her a failing score on her presentence investigation for placement into a community based correctional facility, denied her entrance into the program.  Further, her prior history of violence, most recently demonstrated while awaiting sentencing in jail, and her high risk for drugs, antisocial behavior, violence and stress, precluded her acceptance into a community based correctional facility.  The trial court informed Appellant the only way she could have been granted community control would have been if she had been placed in a residential treatment program, which she was not; therefore, the trial court sentenced Appellant to prison.

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

{¶4} The trial court proceeded to sentence Appellant to twenty-four months in prison on the charge of illegal conveyance and eight months in prison on the trafficking count, the terms to be served concurrently. The trial court further informed Appellant she would be released from prison early should she be accepted into a community based correctional facility.

{¶5} Appellant did not object to her sentence at the sentencing hearing, and did not request to withdraw her plea.

{¶6} Appellant now appeals, assigning as error:

{¶7} "I. THE TRIAL COURT ERRED BY FAILING TO GIVE NOLIN THE OPPORTUNITY TO WITHDRAW HER 'NO CONTEST' PLEA PRIOR TO SENTENCING ONCE IT BECAME APPARENT THAT THE COURT INTENDED TO DEVIATE FROM THE TERMS OF THE PLEA AGREEMENT IN SENTENCING."

{¶8} In the sole assignment of error, Appellant maintains the trial court abused its discretion in deviating from the terms of the plea agreement without giving Appellant the opportunity to withdraw her plea.

{¶9} Initially, we note, Appellant has failed to include a transcript of the February 13, 2012 change of plea hearing as part of the record in this appeal.

{¶10} In *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384, the Ohio Supreme Court held: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record."

{¶11} If the trial court accepted a plea agreement prior to accepting Appellant's plea, it would have occurred during and been recorded in the change of plea hearing.

Similarly, if the trial court informed Appellant the court was not bound to accept the recommended sentence, it would have done so at the sentencing hearing.

{¶12}  However, the transcript of the change of plea hearing is not included in the record on appeal.

{¶13} Without the transcript of the proceedings, Appellant is unable to affirmatively demonstrate violation of a plea agreement.   Absent a formal motion to withdraw the plea, the trial court did not error in proceeding to sentence Appellant.

{¶14}  The sole assignment of error is overruled.

{¶15} Appellant's conviction and sentence in the Richland County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                   :
                                                :
    Plaintiff-Appellee                          :
                                                :
-vs-                                            :            JUDGMENT ENTRY
                                                :
CRYSTAL NOLIN                                   :
                                                :
    Defendant-Appellant                         :            Case No. 12CA40


For the reason stated in our accompanying Opinion, Appellant's conviction and sentence entered by the Richland County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER