[Cite as *Ocheltree v. Pike Mut. Ins. Co.*, 2022-Ohio-3304.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOEY OCHELTREE, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellants | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2021CA00102 |
| | : | Consolidated with 2022CA00009 |
| PIKE MUTUAL INSURANCE | : | |
| COMPANY | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
                             Common Pleas, Case No.
                             2019CV01235



JUDGMENT:                     AFFIRMED



DATE OF JUDGMENT ENTRY:       September 20, 2022



APPEARANCES:


For Plaintiffs-Appellants:                For Defendant-Appellee:

SIDNEY N. FREEMAN                         RALPH F. DUBLIKAR
12370 Cleveland Ave., N.W.                400 South Main Street
P.O. Box 867                              North Canton, OH 44720
Uniontown, OH 44685

*Delaney, J.*

{¶1} Plaintiffs-Appellants Joey and Rochelle Ocheltree appeal the judgment entries of the Stark County Court of Common Pleas issued on August 26, 2021 and December 17, 2021.

**FACTS AND PROCEDURAL HISTORY**

**A Fire Leads to a Homeowner's Insurance Coverage Conflict**

{¶2} Plaintiffs-Appellants Joey and Rochelle Ocheltree were the named insureds under a homeowner's insurance policy issued by Defendant-Appellee Pike Mutual Insurance Company covering the Ocheltrees' home located in Alliance, Ohio ("the Policy"). The application for the Policy stated the replacement value of the insured property was $313,000. The Policy purchased by the Ocheltrees provided a dwelling coverage limit of $157,000. The ratio of the dwelling coverage limit to replacement value of the insured property was 50%.

{¶3} The Ocheltrees notified Pike Mutual of a fire loss which occurred to the insured property on July 11, 2018. The claims adjuster associated with Pike Mutual prepared an estimate that the replacement cost damage was $59,958.69 and the actual cash value of the loss (after deducting for depreciation) was $50,779.37. Pike Mutual informed the Ocheltrees that pursuant to the terms of the Policy, they were entitled to the actual cash value of the loss in the amount of $50,779.37. The relevant terms of the Policy state in pertinent part:

HOW MUCH WE PAY FOR LOSS OR CLAIM

1. **Property Coverages**

a. Our Limit – Subject to the deductible or other limitation that applies, "we" pay the lesser of:

1) the "limit" that applies;

2) "your" interest in the property; or

3) the amount determined under the applicable Loss Settlement Terms.

* * *

**e. Loss Settlement Terms** – Subject to the "terms" shown above, "we" settle losses according to the Replacement Cost Terms. If the Replacement Cost Terms do not apply, "we" settle losses according to the Actual Cash Value Terms.

1) **Replacement Cost Terms**

* * *

d) If the "limit" on the damaged building is less than 80% of its replacement cost at the time of loss, the larger of the following amounts is used in applying the "terms" under Our Limit:

(1) the actual cash value at the time of the loss; or

(2) the part of the replacement cost of the damaged part which "our" "limit" on the building bears to 80% of the full current replacement cost of the building.

* * *

2) **Actual Cash Value Terms** – Actual cash value includes a deduction for depreciation, however caused.

a) The Actual Cash Value Terms apply to all property not subject to the Replacement Cost Terms.

* * *

The Policy defines "limit" as, "the amount of coverage that applies."

{¶4}  The Ocheltrees disputed the amount of the insurance settlement from Pike Mutual. They hired counsel who negotiated with counsel for Pike Mutual to resolve the dispute. During the negotiation process, the Ocheltrees obtained two estimates and Pike Mutual obtained two estimates for repair, replacement costs, and actual cash value for the damage to the home. Each of the four estimates provided different values. The Ocheltrees and Pike Mutual could not come to a resolution.

**The Ocheltrees' Complaint for Declaratory Judgment and Damages**

{¶5} On June 10, 2019, the Ocheltrees filed a complaint in the Stark County Court of Common Pleas against Pike Mutual. The complaint alleged three causes of action against Pike Mutual: (1) Declaratory Judgment, (2) Breach of Contract, and (3) Bad Faith. The complaint did not include a demand for a jury trial.

<u>(1)Declaratory Judgment Claim</u>

{¶6}   In their claim for declaratory judgment, the Ocheltrees stated in pertinent part:

9. By correspondence dated May 30, 2019, Defendant wrongfully refused to provide coverage to the limits stated in the policy for the reasons stated therein, a true and correct copy of which is attached hereto as <u>Exhibit "B</u>."

10. Plaintiffs have no adequate remedy at law, entitling them to relief under Ohio Rev. Code §2721.01, *et seq.*

\* \* \*

WHEREFORE, Plaintiffs demand judgment as follows:

\* \* \*

II. For a declaration under Ohio Rev. Code §2721.01, *et seq.*, that Defendant is obligated to pay the full coverage due under the insurance contract, in an amount to be proven at trial in excess of TWENTY-FIVE THOUSAND AND NO/100 DOLLARS ($25,000.00).

(2)Breach of Contract

{¶7}   The Ocheltrees raised a claim for breach of contract, in which they stated:

\* \* \*

12. The acts of Defendant as aforesaid constitute a breach of the insurance contract (Exhibit "A").

13. Plaintiffs are entitled to recovery for recovery [sic] of the full amount of the coverage to which Defendant is obligated.

\* \* \*

WHEREFORE, Plaintiffs demand judgment as follows:

I. For damages in breach of contract for the full coverage due, in the amount to be proven at trial in excess of TWENTY-FIVE THOUSAND AND NO/100 DOLLARS ($25,000.00).

(3)Bad Faith

{¶8}   Finally, in their claim for bad faith, the Ocheltrees stated in their complaint:

\* \* \*

15. Defendant failed and refused to adjust and settle the claims involved in fulfilling its insurance contract with the Plaintiffs.

* * *

19. The aforesaid actions of Defendant were not predicated upon circumstances that furnish reasonable justification, in violation of the duty of good faith it owed to Plaintiffs.

* * *

22. Plaintiffs are entitled to damages in tort for the failure of Defendant to adjust and settle the subject claim in good faith, plus punitive damages and the reasonable fees and expenses of Plaintiffs' attorneys in prosecuting this action.

### Pre-Trial Proceedings

{¶9} On June 18, 2019, the Ocheltrees filed a request for jury demand "as to all matters so triable." (Request for Jury Demand, June 18, 2019).

{¶10} On August 5, 2020, Pike Mutual filed a Motion to Order Appraisal. During the pre-trial proceedings, the trial court record appears to show the parties were attempting to come to an agreement as to value of the loss of the dwelling. The parties reached an impasse, however, as to the interpretation of the Policy term of "Appraisal":

13. **Appraisal** – If "you" and "we" do not agree at to the value of the property of the amount of the loss, "you" and "we" will each select a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will select an umpire. If they do not agree on an umpire, the two appraisers will ask a judge of a court of record of the state in which

the appraisal is pending to make the selection. **The written agreement of any two of these three will be binding and set the amount of the loss**. Pike Mutual requested the trial court order the parties to proceed with an appraisal pursuant to the terms of the Policy. The trial court held an oral hearing on the motion on August 20, 2020.

{¶11} The trial court issued a judgment entry on September 3, 2020, with its interpretation of the Policy term as to Paragraph 13. The trial court examined the Policy and found it did not define the meaning of "umpire" or "written agreement." The trial court utilized the well-settled rules of insurance contract construction and found:

> The bottom line is simply this. This Court has read this "appraisal" clause on numerous occasions. Insurance policies should be written in such a manner that a lay person or policy holder can clearly understand what is being covered. Contract terms should be given their plain and ordinary meaning. * * * Construing this insurance policy strictly against the defendant and liberally in favor of the plaintiff, it is clear to this Court that it contains a critical ambiguity in the contract. There is no question that the clause is susceptible to more than one reasonable interpretation. This is reflected by the discussion between the attorneys and the Court at oral argument. Nowhere does the policy define "written agreement." Nowhere in the policy is the role of the "umpire" defined. Nowhere in the policy is there any instruction or guidance as to how the umpire is to perform his job. * * * In fairness, there has to be some resolution to this matter. Since the Court

finds the policy provisions ambiguous, the Court must however provide

some mechanism to resolve this dispute.

(Judgment Entry, Sept, 3, 2020). The trial court appointed Tim G. Seikel as the "umpire" to review the parties' appraisals. The trial court ordered the umpire to select which of the two appraisals conducted after the lawsuit he agreed with, and according to Paragraph 13 of the Policy, to prepare a written agreement of any two of the three, which would be binding and set the amount of loss.

{¶12} On December 9, 2020, Pike Mutual filed a Motion for Clarification of the trial court's September 3, 2020 judgment entry. The appointed umpire contacted both parties to inform them that he had inspected the property and reviewed each appraiser's estimates. The umpire determined there were things he agreed with and things he disagreed with on both appraisers' estimates. The umpire required clarification from the trial court on how to proceed if the umpire did not agree with portions of the appraisals. The trial court ordered the parties to brief the issue. Pike Mutual argued the umpire should issue a third opinion, which adopted one of the two previous appraisals. The umpire should prepare his estimate, submit it to the trial court, as well as the other two appraisers, in order to determine whether two of the three appraisers are in agreement. The Ocheltrees argues that the umpire should not take any further action and the matter should be submitted for resolution for a jury at trial. In its judgment entry filed on January 4, 2021, the trial court ordered:

The fact of the matter is Defendant wrote this policy and distributed it to the

policyholder. It was their responsibility to make sure it was clear. They

failed. Defendant, in writing the policy, chose not to define "written

agreement", chose not to define what "an umpire is" and/or how they perform their job, * * *. Since the policy is to be construed strictly against Defendant and liberally in favor of Plaintiffs, this Court cannot order Plaintiffs to participate in a process for which they did not bargain. The Court attempted to provide a route so that a fair resolution could be set forth in this matter. However, that does not seem to be the case. Since the Court cannot enforce ambiguities listed in the policy, it appears [the umpire's] assistance in this action has ended. And it appears that this issue, along with Plaintiffs' claim for Bad Faith damages, should properly be submitted to the jury at trial.

(Judgment Entry, Jan. 4, 2021).

{¶13} Pike Mutual filed its motion for summary judgment on June 11, 2021, arguing it was entitled to summary judgment on the Ocheltrees' claims for bad faith and breach of contract. As to the Ocheltrees' cause of action for declaratory judgment, Pike Mutual requested the trial court issue a declaratory judgment that since the insurance coverage limit for the dwelling was less than 80% of the replacement cost estimate, under the terms of the Policy, Pike Mutual would be responsible for only paying "actual cash value." The Ocheltrees responded to the motion for summary judgment. In their response, they did not separately argue their claim for declaratory judgment.

{¶14} The trial court ruled on Pike Mutual's motion for summary judgment on August 4, 2021. It first found there were genuine issues of material fact as to the bad faith claim and punitive damages, "and those issues remain a jury question as to dwelling loss." (Judgment Entry, Aug. 4, 2021). It next determined that Pike Mutual was not entitled to

summary judgment on the Ocheltrees' claim for breach of contract. The trial court found there was a genuine issue of material fact as to the meaning of the specific terms in the Policy and Pike Mutual's obligation to pay actual cash value versus replacement cost value. It found, "[i]t was proper for the jury to make the determination as to which specific cost applies and the amount of the loss and whether the consistencies in the policy language created contradictory clauses." (Judgment Entry, Aug. 4, 2021).

{¶15} The Ocheltrees filed a Trial Brief on August 6, 2021. The trial brief stated in pertinent part:

> Although Pike Mutual asserts that, under the policy restrictions regarding the insurable value, the recovery is limited to the actual cash value that takes into account a depreciation factor for age, Mr. and Mrs. Ocheltree will show it does not.
>
> * * *
>
> One of the issues to be resolved at trial will be whether the claim for repair to the home is governed by "Replacement Cost Value" (hereinafter "RCV") terms or "Actual Cash Value" terms (hereinafter "ACV"). RCV is the cost to repair and replace the damaged elements, which Ocheltree argue apply to the loss they sustained. Pike Mutual argues that ACV should be applied, which, generally speaking, is the cost of repair and replacement less depreciation.

### Jury Trial

{¶16} The jury trial commenced on August 10, 2021 and ended on August 24, 2021.

{¶17} The trial court presented the jury with eight jury interrogatories. The interrogatories stated[1]:

1. Do you find that the Ocheltrees have proven by a preponderance of the evidence that Pike Mutual breached the contract of insurance in the processing of the their [sic] claim?

2. Having found that Pike Mutual breached the contract, do you find by a preponderance of the evidence that any breach of contract by Pike Mutual proximately caused damages to the Ocheltrees?

3. What amount of damages do you find were directly and proximately caused by the breach of contract by defendant Pike Mutual?

4. Do you find that defendant acted in bad faith in its dealings with the Ocheltrees?

5. Having found Pike Mutual to have acted in bad faith in its dealing with the Ocheltrees, do you find by a preponderance of the evidence that any bad faith on the part of Pike Mutual proximately caused damages to the Ocheltrees?

6. What amount of compensatory damages do you find were directly and proximately caused by the bad faith of defendant Pike Mutual to the Ocheltrees?

7. Having found the defendants liable for compensatory damages, do you find them liable for punitive damages?

---

[1] The jury interrogatories and jury verdict forms are found in the trial court docketed record.

8. Do you also find that Pike Mutual is liable for the Ocheltrees attorney's fees?

{¶18} At the conclusion of the trial, the jury answered Jury Interrogatory No. 1 in the negative – the jury did not find that the Ocheltrees had proven by a preponderance of the evidence that Pike Mutual breached the contract of insurance in the processing of their claim. The jury verdict form, signed by the eight jurors, stated, "WE, THE JURY, DO FIND IN FAVOR OF THE DEFENDANT, PIKE MUTUAL, AND AGAINST THE PLAINTIFFS, THE OCHELTREES ON THEIR CLAIM FOR BREACH OF CONTACT."

{¶19} On August 26, 2021, the trial court journalized the jury verdict in favor of Pike Mutual.

**Post-Trial Proceedings**

{¶20} On September 23, 2021, the Ocheltrees filed a Motion for Judgment, Judgment Notwithstanding Verdict or For New Trial. The Ocheltrees stated the purpose of the motion was that in Count One of their complaint, they requested declaratory judgment under R.C. 2721.01 to determine the rights of the parties under the Policy. The Ocheltrees stated that while the jury determined Pike Mutual did not breach the Policy, they possessed a continuing right to enforce their claim for repairs still to be performed pursuant to declaratory judgment rendered by the trial court. They requested the trial court to declare: (1) the cost appraisal provided by Keith Brenneman established $195,000 as the replacement cost for the subject home; (2) the Policy obligated Pike Mutual to pay the replacement cost value, (3) Brenneman's estimate applied to the adjustment of the claim, and (4) Pike Mutual was required to immediately pay the actual cash value set by Brenneman's estimate with the difference between the actual cash value and

replacement cost value to be paid upon completion of the items of repair. Specific to this appeal, the Ocheltrees contended they were entitled to a declaration of relief based on the interpretation of a contract of insurance, which was a matter of law for the trial court's determination, not for a jury.

{¶21} Pike Mutual filed a brief in opposition to the motion for judgment. It argued that pursuant to R.C. 2721.10, a jury trial was appropriate for this declaratory judgment action because the Ocheltrees were seeking money damages under the Policy, both with respect to compensatory damages and punitive damages. Further, the Ocheltrees requested a jury trial, and the request was granted by the trial court.

{¶22} On October 21, 2021, the trial court issued its judgment entry denying the Ocheltrees' motion for judgment, judgment notwithstanding the verdict, and for new trial.[2] As to the request for declaratory judgment, the trial court found the Ocheltrees acquiesced in requesting the trial court submit their cause of action to the jury. The trial court noted that one of the major focuses at trial was the conflicting testimony "regarding replacement cost value" versus "actual cost value." The jury was asked to determine the replacement cost of the residence, whether the "limit" on the dwelling was less than 80% of the replacement cost, the actual cash value of the loss, and the replacement cost of the damage to the building. The jury concluded that based on the evidence presented, Pike Mutual did not breach the terms of the Policy.

{¶23} It is from these judgments that the Ocheltrees now appeal.

---

[2] On December 17, 2021, the trial court issued a judgment entry pursuant to this Court's remand, adopting the October 21, 2021 judgment entry as a final appealable order. The December 17, 2021 judgment entry is the subject of Case No. 2022CA00009.

**ASSIGNMENTS OF ERROR**

{¶24} The Ocheltrees raise two Assignments of Error:

{¶25} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW AND TO THE PREJUDICE OF MR. AND MRS. OCHELTREE, BY HOLDING THAT IT WAS NOT REQUIRED TO MAKE AN INDEPENDENT DETERMINATION CONSTRUING THE RELEVANT SECTION OF THE PIKE MUTUAL INSURANCE POLICY.

{¶26} "II. THE TRIAL COURT'S REFUSAL TO CONSIDER MR. AND MRS. OCHELTREE'S CAUSE FOR DECLARATORY JUDGMENT WITHIN ITS DECEMBER 17, 2021 JUDGMENT DENYING JNOV DEPRIVED MR. AND MRS. OCHELTREE OF THEIR ACCESS TO COURT UNDER THE OHIO CONSTITUTION."

**ANALYSIS**

{¶27} In this appeal, the Ocheltrees contend the trial court erred in denying their motion for judgment, judgment notwithstanding the verdict, and new trial. We consider the Ocheltrees' two Assignments of Error together because they are interrelated.

**Declaratory Judgment**

{¶28} In Count One of their complaint, the Ocheltrees requested declaratory judgment that they were entitled to replacement cost value coverage under the terms of the Policy. The Ocheltrees contend on appeal the trial court erred in failing to declare the parties' rights under the Policy.

{¶29} R.C. 2721.10 states that "[w]hen an action or proceeding in which declaratory relief is sought under this chapter involves the determination of an issue of fact, that issue may be tried and determined in the same manner as issues of fact are

tried and determined in other civil actions in the court in which the action or proceeding is pending." R.C. 2311.04 address how issues are tried in civil actions, and states:

Issues of law must be tried by the court, unless referred as provided in the Rules of Civil Procedure. Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial is waived or unless all parties consent to a reference under the Rules of Civil Procedure.

All other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by a jury, or referred.

{¶30} In *New Concept Housing, Inc. v. United Dept. Stores Co.*, 1st Dist. Hamilton No. C-080504, 2009-Ohio-2259, the First District Court of Appeals analyzed a case where a declaratory judgment action, along with claims for fraud, tortious interference with an insurance contract and breach of a promissory note, proceeded to a jury trial. The core dispute was whether the terms of a letter agreement or a promissory note controlled the parties' business relationship. The plaintiff filed a declaratory judgment action, seeking a declaration that the letter agreement, not the promissory note, embodied the terms of the parties' agreement. *Id.* at ¶ 11. The defendant filed a counterclaim for breach of the promissory note. The matter proceeded to a jury trial where the jury found in favor the defendant that the plaintiff breached the promissory note. In the appeal, the plaintiff argued the trial court erred when it failed to declare the parties' rights under the various documents, including the letter of agreement and promissory note. *Id.* at ¶ 20, 19. The First District held:

In this case, New Concept sought a declaration of the parties' rights under the letter agreement, the act of sale, and the promissory note. The issues pertaining to those rights were tried to the jury, and the jury returned a verdict determining that the terms of the promissory note controlled. With respect to the parties' rights under the documents, nothing remained for the trial court to determine. Accordingly, the trial court did not err in failing to render a separate declaration of the parties' contractual rights.

*Id.* at ¶ 19

{¶31} We find the First District's holding in *New Concept* to be on point with the underlying facts and procedural history of the present case. In their complaint, the Ocheltrees sought a declaration of the parties' rights under the Policy. The question posed was whether the Ocheltrees were entitled to the replacement cost value or actual cash value for the repairs to the home. The Ocheltrees also brought a breach of contract action, arguing Pike Mutual breached the Policy when it provided actual cash value coverage, not replacement cost value coverage. Both the breach of contract action and the declaratory judgment action required an interpretation of the parties' rights under the Policy.

{¶32} The Ocheltrees' complaint proceeded to trial, but it is unknown as to what occurred at trial. The Ocheltrees did not file a transcript of the two-week jury trial, preventing us from reviewing the proceedings to determine if the trial court erred in failing to render a separate declaration of the parties' rights. We are not privy to any objections, the presentation of evidence, or the jury instructions. Without the benefit of the trial transcript, we can only speculate as to the evidence presented to the jury for its

determination that Pike Mutual did not breach the Policy terms when it processed the claim pursuant to the actual cash value, not replacement cost value. In the absence of a transcript, we must presume the regularity in the proceedings below. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1981).

{¶33} The trial court's October 21, 2021 judgment entry denying the Ocheltrees' motion for judgment, JNOV, and new trial relative to the claim for declaratory judgment provides us support for our reliance on the holding in *New Concept*. The trial court found that one of the major focuses at trial was the conflicting testimony regarding replacement cost value versus actual cash value. The trial court characterized the trial testimony as "complex" because the jury had to determine the replacement cost of the building, if the limit on the building was less than 80% of the replacement cost, the actual cash value of the loss, and the replacement cost of the damage to the building. (Judgment Entry, Oct. 21, 2021). The trial court provided further detail of the evidence presented at trial:

> The testimony in this case was adversarial, convoluted and complicated. The jury heard testimony from numerous different adjustors and appraisers, who all came up with different estimates for the amount of loss, the amount of replacement cost value, and the amount of actual cash value. The jury also heard testimony from Thomas Speakman and Jen Seifried of United Group Alliance, together with James Silver of Pike Mutual, with respect to the replacement costs value of the home in the amount of $313,000. After an exhaustive presentation of witnesses, the jury was instructed to consider all the evidence to determine whether or not Pike breached the contract. Following the testimony, instructions from the Court and final arguments of

counsel, the jury returned a verdict in favor of Pike and answered an Interrogatory to the effect that Pike did not breach the contract of insurance. (Judgment Entry, Oct. 21, 2021). In its judgment entry denying the Ocheltrees' request to rule on the declaratory judgment action, the trial court concluded that their claims were the same arguments that were made to and rejected by the jury. (Judgment Entry, Oct. 21, 2021).

{¶34} Upon this record, we agree with the trial court's conclusion and find the similarities between the breach of contract action and the declaratory judgment action established that nothing remained for the trial court to determine with respect to the parties' rights under the Policy.

{¶35} The Ocheltrees' first and second Assignments of Error are overruled.

## CONCLUSION

{¶36} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Wise, John, J., concur.